506 F.2d 436
 10 Fair Empl.Prac.Cas. 1480, 9 Empl. Prac.
Dec. P 9869
Henry WELLS, Jr., Plaintiff-Appellant,
v.
RAMSAY, SCARLETT AND COMPANY, INC., et al.,
Defendants-Appellees (two cases).
 Nos. 73-3173 and 74-1233.
 United States Court of Appeals, Fifth Circuit.
 Jan. 9, 1975.
 
 Johnnie A. Jones, Baton Rouge, La., for plaintiff-Appellant.
 William R. D'Armond, Baton Rouge, La., for Ramsay.
 James A. George, Baton Rouge, La., for Local 1833.
 Joseph W. Cole, Jr., Port Allen, La., for Local 1830.
 Appeals from the United States District Court for the Middle District of Louisiana.
 Before BELL, AINSWORTH and RONEY, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 These appeals, consolidated for decision, involve orders entered with respect to a complaint that plaintiff, a black man, was discharged from his position as a foreman for a stevedoring company for racially discriminatory reasons in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. 2000e et seq., and 42 U.S.C.A. 1981. The employer and Local Unions 1830 and 1833, General Longshore Workers, International Long-shoremen's Association, AFL-CIO, were named as defendants. In addition to seeking relief based on his own discharge, plaintiff sought class action relief on behalf of a class consisting of black longshoremen who were or who might to employed by defendant employer, and who were or might be members of the defendant unions. This class action aspect rested on a claim of racial discrimination in employment opportunities.
 
 
 2
 Prior to the trial on the merits, the district court determined that the suit could not be maintained as a class action. See Rule 23(c)(1), F.R.Civ.P.[1] One ground for this order was that the class was not too numerous to personally appear. Another was that plaintiff's position and his grievances were such as not to be representative of the class.
 
 
 3
 We conclude after studying the record that there was no nexus between plaintiff, a foreman, and the longshoremen named in the class. Plaintiff does not seek to represent a class consisting of black foremen. He was a salaried employee, employed on a monthly basis, who supervised longshoremen. The longshoremen in the asserted class were members of Local 1830, one of the defendant unions. They were assigned on a daily basis through the unions, under collective bargaining agreements, to stevedoring companies for the available longshoremen jobs on the docks in the Baton Rouge area.[2] Plaintiff was not in the longshoremen group for job assignment purposes; indeed, while at one time a member of Local Union 1830, he had severed his affiliation with the union long before his complaint was filed. Moreover, he testified that he was physically unable to perform the services of a longshoreman.
 
 
 4
 We conclude that the nexus between plaintiff and the class was insufficient and thus the district court did not err in declining to allow the cause to proceed as a class action. Cf. Huff v. N.D. Cass Company of Alabama, 5 Cir., 1973, 485 F.2d 710, 714 (en banc), on the requirement of nexus. n3 One may not represent a class of which he is not a part. Bailey v. Patterson, 1962, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512; Hall v. Beals, 1969, 396 U.S. 45, 49, 90 S.Ct. 200, 24 L.Ed.2d 214.
 
 
 5
 The other issue presented has to do with the denial of plaintiff's individual claim on the merits. He was unable to show racial discrimination in connection with his discharge. The record simply does not support his claim. The finding of an absence of racial discrimination is buttressed by strong evidence that plaintiff was discharged for cause and only after provocation which ensued over a considerable period of time.
 
 
 6
 Affirmed.
 
 
 
 [1]
 As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained
 
 
 [2]
 Local 1830 has a black membership; Local 1833 has a white membership. The available longshoremen jobs are divided between their members on a daily basis at 'shape ups'. A claim of racial discrimination arising out of employment practices by the stevedoring companies in the Baton Rouge area and the local unions is involved in a case brought by a longshoreman member of Local 1830 and now pending on appeal in this court under the number and style: No. 74-2544, Bailey v. Ryan Stevedoring Co., et al
 
 
 [3]
 The word Nexus taken from Huff, supra, 485 F.2d 712, is defined as 'a tying or binding together, a fastening, joining, an interlacing, entwining, clasping.'
 A Latin Dictionary, Lewis and Short, Oxford University Press, p. 1205.