**Noel McMILLER et al.**

**v.**

**BIRD & SON, INC., and Local 685 of the United Papermakers and Paper Workers, AFL–CIO.**

**Civ. A. No. 18881.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Aug. 25, 1975.

Henry C. Walker, IV, Shreveport, La., George M. Strickler, Jr., Elie, Sobol,

Strickler & Dennis, New Orleans, La., for plaintiffs.

Herschel E. Richard, Jr., Cook, Clark, Egan, Yancey & King, Shreveport, La., for Bird & Son, Inc.

James E. Youngdahl, Youngdahl, Huckabay & Larrison, Little Rock, Ark., for Local 685.

## RULING ON MOTION

DAWKINS, Senior District Judge.

This action is brought against Bird & Son, Inc. (Bird), and Local 685 of the United Paper Makers and Paper Workers, AFL-CIO (Union), to redress alleged racially discriminatory employment practices.

The initial complaint was filed on April 2, 1973, by Noel McMiller and Stephen Bradley, Jr., individually and on behalf of a class of persons similarly situated. Each alleged violations of 42 U. S.C. § 1981 by defendants. On February 8, 1974, twenty-two days after receiving a "right-to-sue letter" from the Equal Employment Opportunity Commission (EEOC), Percy A. Rankin filed a motion for leave to intervene, praying for individual and class relief for defendants' alleged violations of 42 U.S.C. § 2000e et seq., (Title VII), and 42 U.S. C. § 1981.[1] On August 1, 1975, we granted intervenor's motion.

Our jurisdiction of the Title VII claim is based upon 42 U.S.C. § 2000e–5(f); 28 U.S.C. § 1343(4) is our grant of jurisdiction as to the § 1981 claim.

The matter presently before us is a determination of whether this case should be certified as a class action in accordance with Rule 23(c)(1), F.R.Civ. P.[2] Original and supplemental briefs having been received from plaintiffs[3] and Bird, and oral argument having been heard, we now determine whether the case should be certified as a class action.

Although Bird initially contended that we should dismiss the class action aspects of the claims, in its supplemental brief it now suggests that we should delay our ruling until we have gathered further information from prospective class members through written notification to them as to the existence of this lawsuit. Rule 23(d)(2) provides us with authority to do what defendant requests; however, we choose not to exercise that power here. Bird correctly states that we used 23(d)(2) to send a notice-questionnaire to prospective class members in *Anderson, et al v. Libbey-Owens-Ford, et al,* Civil No. 17,042 on our docket. However, information presently in the record of this case, unlike the situation presented in *Anderson,* makes it "practicable"[4] for us to determine now whether this suit may be maintained as a class action.

All of the named plaintiffs are black. Bradley presently is employed by Bird, having been an employee of that company since 1966. Generally, he contends that he was denied equal employment opportunities at Bird because of his race.

---

1. The Supreme Court generally has held that ". . . Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent [remedies]." *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

2. The question actually was brought before us by Bird's filing a motion to dismiss the class aspects of this action; however, in both plaintiffs' and plaintiff-intervenor's complaint, class action certification was requested.

3. Since plaintiffs and plaintiff-intervenor are represented by the same counsel, when we speak of plaintiffs, unless stated otherwise, we refer to both the original plaintiffs and plaintiff-intervenor.

4. Rule 23(c)(1) provides that ". . . as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. . . ."

McMiller was an employee of Bird from October, 1969, until October, 1972, when he was discharged for an unexcused absence. He alleges his discharge was racially motivated. Rankin was discharged in 1968, but was reinstated some five months later. He alleges that he was discharged discriminatorily and that when he was reinstated, he was assigned to the lowest paying, most physically onerous jobs because of his race. He further alleges he was not paid during the period of time in 1968 that he was not working. After reinstatement, Rankin was employed by Bird until 1972, when he was placed on disability and retired. Bird denies it ever has maintained any racially discriminatory employment policies or practices.

Plaintiffs seek to represent the following class of persons:

(a) All black persons currently employed by Bird;

(b) All black former employees of Bird; and,

(c) All unsuccessful black applicants for employment with Bird.

To be allowed to proceed with a class action, plaintiffs must meet all Rule 23(a) requirements and at least one of the requirements of 23(b). Under 23(a), plaintiffs must prove that:

(1) The class is so numerous that the joinder of all members is impracticable;

(2) There are common questions of law and fact involved;

(3) The claims and defenses of the representative parties are typical of the claims and defenses of the class; and,

(4) The representative parties will fairly and adequately protect the interests of the class.

■ Bird first contends that the class is not so numerous that joinder is impracticable; however, Bird's answers to plaintiffs' interrogatories show that there were 121 black employees at Bird in early 1974. Therefore, we find that joinder of all class members in this action would be impracticable.

■ Bird next contends that because plaintiffs allegedly were not themselves victims of employment discrimination, they are not members of the class of persons whom they seek to represent; consequently, they may not represent the class. While it is true that a person may not represent a class of which he is not a member, *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), plaintiffs correctly state that they do not have to prove that they will be successful in their individual claims in order to represent the class. We must determine whether named plaintiffs can represent the alleged class without regard to the merits of plaintiffs' individual claims, *Huff v. N. D. Cass,* 485 F.2d 710 (5th Cir., 1973), *en banc. Huff* does *not* hold that a person may represent a class if he is not a member of that class. Rather, that case stands for the general proposition that the strength of the named plaintiff's individual claim cannot be considered in determining his membership in the class, nor whether he adequately can represent the class. See *Long v. Sapp,* 502 F.2d 34 (5th Cir., 1974).

■ Alternatively, defendants argue that, if we do not grant class action certification, plaintiffs cannot represent unsuccessful applicants for employment because neither of them was refused employment by Bird. As we already have noted, Bradley presently is employed, McMiller is a discharged employee, and Rankin is a retired employee who was discharged temporarily but later reinstated. However, each claims to have been a victim of across-the-board" employment discrimination by defendants. In other words, plaintiffs have alleged that defendants maintain racially discriminatory policies and practices which pervade all aspects of their employment. The general rule of law in this Circuit is that where named plain-

tiffs assert claims which arise from the same general kind of discrimination which affects all members of the class (*e. g.,* discrimination based upon racial characteristics) they are *not* limited to representation of just those ". . . individuals who may have endured the specific injury inflicted upon the named plaintiffs." *Foster v. Sparks,* 506 F.2d 805, 809 (5th Cir., 1975); *Long v. Sapp, supra; Johnson v. Georgia Highway Express,* 417 F.2d 1122 (5th Cir., 1969). But *Cf. Wells v. Ramsay, Scarlett & Co.,* 506 F.2d 436 (5th Cir., 1975). Thus, Bird's contention that named plaintiffs cannot represent unsuccessful black applicants must be rejected.[5]

We conclude that this action meets the requirements of Rule 23(a).[6] It also plainly meets the requirements of Rule 23(b)(2).

Accordingly, we hereby order that this action be, and it is, certified as a Rule 23(b)(2) class action on behalf of the following class of persons:

   (a) All black persons currently employed by Bird;

   (b) All black former employees of Bird;

   (c) All unsuccessful black applicants for employment by Bird.

Of course, this class will include only those persons whose claims are not barred by the applicable statute of limitations.

Moreover, given the fact that this suit initially was filed in April of 1973, we hereby order that all discovery in this matter be completed within sixty days from the date of this ruling.

---

5. In its Supplemental Memorandum, Bird also contended that Rankin should not be allowed to represent a class because it erroneously believed that he had not been an employee since 1968. However, by a letter to this Court dated August 14, 1975, Bird admitted that Rankin had been re-employed and worked until December 31, 1972. Thus, the case of *Boutsis v. Union Carbide Corp.,* 9 E.P.D. ¶ 10,194 (D.C.S.D., N.Y.), which held that a plaintiff could not fairly and adequately represent a class because she had not been employed by defendant in almost seven years does not apply to plaintiff Rankin.

6. Bird's contention that plaintiffs cannot maintain their class action because they did not timely move for certification clearly is without merit.