Donald L. BACHMAN et al., Plaintiffs,

v.

Calvin J. COLLIER, Chairman, Federal Trade Commission, Defendant.

Civ. A. No. 76–0079.

United States District Court, District of Columbia.

July 29, 1976.

Allee A. Ramadhan, Patricia J. Barry, Washington, D.C., for plaintiffs.

Earl J. Silbert, U.S. Atty., Robert N. Ford, Robert M. Werdig, Jr., Asst. U.S. Attys., Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on two motions: plaintiff Bachman's motion for class certification, and a motion filed by Doris L. Hollingsworth to intervene in this action. For the reasons set forth below, this Court grants the motion for class certification, with certain modifications, and denies the motion for intervention.

## I. THE CLASS ACTION CERTIFICATION MOTION

### A. *Background*

Plaintiff Donald L. Bachman, a black male formerly employed as a grade GS–14 attorney by the Federal Trade Commission (FTC), filed the instant action on January 13, 1976. Under the Equal Employment Opportunity Act of 1972, Pub.L. 92–261, 86 Stat. 103 *et seq., amending* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, plaintiff alleged in his complaint that the agency discriminated against him in failing to promote him to grade GS–15. Bachman alleged that the discriminatory acts and practices directed against him were part of a policy and practice on the part of the FTC to discriminate against

black persons because of their race. Accordingly, he also brought this action on behalf of those blacks and members of other minority groups who are presently employed by the FTC, those previously employed who left or were discharged because of allegedly discriminatory policies, and those who applied for employment to the FTC but were denied employment because of said policies. Plaintiff has since limited his proposed class to all professional and semi-professional employees who are otherwise members of the class specified above.

Plaintiff's charges with respect to class-wide discrimination include an allegation and supporting statistical data showing that blacks at the FTC are, for the most part, employed at the lower-grade levels; an allegation that the Equal Opportunity Affirmative Action Program at the FTC is inadequate and has not been properly administered; an allegation that the FTC has no formal, systematic method for evaluating employees on the basis of merit, resulting in the limitation of career opportunities for blacks because of alleged discrimination; an allegation that the method for evaluating and selecting employees for promotion, performance awards and quality increases lacks uniformity, resulting in the exposure of blacks to arbitrary and capricious determinations as to such matters; and allegations and supporting affidavits of several black attorneys at the FTC that said blacks are subject to discriminatory employment conditions, especially including a refusal on the part of FTC supervising attorneys to assign meaningful work assignments to some of the affiants. Plaintiff has also offered the affidavit of proposed intervenor Hollingsworth setting forth her qualifications for employment as an attorney and alleging that she was rejected for employment by the FTC because of race and/or sex discrimination.

On behalf of the proposed class, plaintiff seeks broad declaratory and injunctive relief and back pay or other compensation to members of the proposed class. Of course, plaintiff also seeks damages stemming from the individual aspects of his complaint.

### B. *Exhaustion of Administrative Remedies*

It is undisputed that on May 2, 1975, plaintiff filed a timely administrative complaint alleging racial discrimination. It is also undisputed that, at the time this lawsuit was filed, more than 180 days had passed since the filing of the administrative complaint without the issuance of a final agency decision. For these reasons, the government does not question Bachman's right to maintain the instant action pursuant to 42 U.S.C. § 2000e–16(c). However, the government claims that Bachman did not raise the class aspects of his complaint on the administrative level and urges, therefore, that the class action certification motion be denied.

■ Even if it were accurate to say that Bachman did not present to the agency the class aspects of his complaint, the Court would hesitate to deny class certification; for it appears, judging from the representations of counsel at the oral argument of this motion, that, notwithstanding this Court's opinion in *Barrett v. United States Civil Service Commission,* 69 F.R.D. 544 (D.D.C. 1975), class complaints are not yet being processed on the agency level. This Court would not require exhaustion if it concluded that said exhaustion would be no more than a futile act. However, there is no need to reach that question in this case, for an examination of Bachman's administrative complaint and of two memoranda written by his counsel to the equal employment opportunity investigator to whom Bachman's complaint was assigned makes it clear beyond doubt that class aspects even broader than the issues raised in this proposed class action were indeed presented to the agency. See Exhibits A, B, and C to plaintiff's complaint.

### C. *Requirements of Fed.R.Civ.P. 23(a)*

■ Defendant does not oppose plaintiff's assertion that the instant action is maintainable under Fed.R.Civ.P. 23(b)(2), as one in which "the party opposing the class

has acted or refused to act on grounds generally applicable to the class." The Advisory Committee Notes to Rule 23(b)(2) single out "actions in the civil rights field where a party is charged with discriminating unlawfully against a class," as particularly suited to that provision. 39 F.R.D. at 102. The fact that a back pay request has been made does not alter the status of this action under (b)(2). *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Barrett, supra*, 69 F.R.D. at 554–55. However, plaintiff must also qualify under Rule 23(a)(1) through (a)(4), and the government has vigorously opposed certification under these provisions.

Rule 23(a)(1) requires that the class be so numerous as to make joinder of all members impracticable. To prove the existence of the class and meet the "numerosity" requirement, plaintiff has presented FTC statistics showing that the agency employs 83 blacks and members of other minorities at the GS–9 level and above. Plaintiff has thus put forward a definition of "professionals and semi-professionals" which would encompass every employee at the GS–9 level and above. The government has raised problems with this definition, pointing out that the agency employs varying definitions for varying purposes to define the class of professionals and semi-professionals. The government has not indicated, however, that there is anything inherently inaccurate with respect to plaintiff's proposed definition by grade level. For purposes of this class certification motion, the Court will accept this definition. The Court notes, however, that plaintiff expects to define the class more accurately through discovery. Since the Court will make this class certification conditional, pursuant to Rule 23(c)(1), there will be an opportunity to more accurately define the class after discovery is completed, and the Court expects plaintiff to take advantage of that opportunity.

The Court has some difficulty with the inclusion of "other minorities" in the proposed class. Plaintiff Bachman is black. His complaint in this action is geared almost entirely towards discrimination against blacks. The affidavits presented by plaintiff are, for the most part, similarly directed. On the administrative level, Bachman's complaint spoke of a "policy and practice of the Federal Trade Commission to discriminate against black persons because of race." Moreover, the exhibits pertaining to the administrative investigation appear to deal exclusively with allegations of discrimination against blacks. Thus, it is doubtful whether claims of discrimination against other minorities have even been exhausted administratively. For all of these reasons, the Court finds it wiser to limit the class to black persons. *See Jones v. United Gas Improvement Corp.*, 68 F.R.D. 1, 7–10 (E.D.Pa.1975). This limitation will not create "numerosity" problems, for the same statistics which show 83 FTC minority-group employees at GS–9 or above also reveal that 63 of those persons are black. Thus, joinder of the members of the class would still be impracticable, and the requirements of 23(a)(1) are therefore met.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Plaintiff here has made allegations of across-the-board discrimination, while limiting the proposed class to professionals and semi-professionals. Certainly, common questions of both law and fact will be involved in plaintiff's attempt to prove the alleged discrimination, for "the question of the discriminatory character of defendant's conduct is basic" to this action. Thus, "the fact that the individual class members may have suffered different effects from the alleged discrimination is immaterial for purposes of this prerequisite." 7 C. Wright and A. Miller, *Federal Practice and Procedure* § 1763, at 608 (1972). "[I]n such cases where a pattern of discrimination is alleged, the common questions of law and fact predominate." *Richerson v. Fargo*, 61 F.R.D. 641, 642, *vacated on other grounds*, 64 F.R.D. 393 (E.D.Pa.1974).

Rule 23(a)(3) requires that "the claims or defenses of the representative . . . are typical of the claims or defenses of the class," while Rule 23(a)(4)

requires that the representative "will fairly and adequately protect the interests of the class." The government has raised an objection to class certification which goes to both of these requirements. Specifically, the government points out that plaintiff Bachman voluntarily resigned from his position with the FTC in September 1975; therefore, the government contends, Bachman is neither a typical nor an adequate representative of a class including present employees and applicants for employment. In fact, defendant adds, he is not even a member of the class of present employees and applicants.[1] Plaintiff counters this contention by claiming that his resignation was, in effect, a "constructive termination," because he left out of frustration with a discriminatory system. The Court finds it unnecessary to decide this dispute over the reasons for Bachman's departure from the FTC, for the authorities are clear in support of the proposition that a former employee who left of his own volition can be a typical and adequate representative of a class including present employees and applicants for employment. *E. g., Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3rd Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Mack v. General Electric Co.,* 329 F.Supp. 72 (E.D. Pa.1971); *Predmore v. Allen,* 407 F.Supp.

1053, 1064–65 & n. 21 (D.Md.1975). In *Wetzel, supra,* the court specifically indicated that it was irrelevant whether or not the plaintiff's termination was voluntary. In allowing such former employees to represent classes encompassing present employees and applicants, courts have stressed that: 1) former employees are often in a more advantageous position to bring "across the board" discrimination actions, since they no longer have to fear reprisals;[2] 2) class actions of this type facilitate consideration of *all* of an employer's alleged discriminatory policies, thus avoiding piecemeal consideration of isolated aspects;[3] 3) these types of actions are therefore efficient from the standpoint of judicial economy.[4] The proper test for determining whether a named plaintiff is an appropriate representative turns not on whether he or she resigned voluntarily from employment with the defendant, but on whether the representative is adequate within the usual standards of Rule 23(a)(4),[5] *see Wetzel, supra,* 508 F.2d at 247, and, more generally, on whether the representative has established a sufficient " 'nexus with the class and its interests and claims which is embraced in the various requirements of 23(a) and (b).' " *Long v. Sapp,* 502 F.2d 34, 42 (5th Cir. 1974), *citing Huff v. N. D. Cass Co.,* 485 F.2d 710, 714 (5th Cir. 1973) (*en*

---

**1.** In making this particular contention, the government relies on this Court's decision in *Barrett v. United States Civil Service Commission,* 69 F.R.D. 544, 554 (D.D.C.1975). In *Barrett,* this Court held that since the named plaintiffs had never been denied employment by the defendant agency, they could not represent the sub-class of applicants who had allegedly been denied employment for discriminatory reasons. As indicated by the Court's brief treatment of this issue in *Barrett,* a case which involved numerous other issues, neither the parties nor the Court focused on this "class membership" issue in any great detail. In light of the authorities discussed below and of such authorities as, *e. g. McMiller v. Bird & Son, Inc.,* 68 F.R.D. 339, 341–42 (W.D.La.1975), and cases cited therein, it appears that this Court may have been incorrect in its decision on this point in *Barrett.* The class certification in *Barrett* was, of course, conditional, pursuant to Rule 23(c)(1), and is, therefore, subject to cure; however, for reasons of manageability in light of subsequent representations by counsel in

*Barrett* with respect to the scope of that action, it is not at all certain that this Court will now expand that class.

**2.** *E. g., Mack v. General Electric Co.,* 329 F.Supp. 72, 76 (E.D.Pa.1971).

**3.** *E. g., Long v. Sapp,* 5 Cir., 502 F.2d 34, 40–43; *Mack v. General Electric Co.,* 329 F.Supp. 72, 75–76 (E.D.Pa.1971).

**4.** *E. g., Williams v. Local 19, Sheet Metal Workers,* 59 F.R.D. 49 (E.D.Pa.1973).

**5.** Thus, the fact that a former employee has long since left the employ of a defendant in an employment discrimination class action *can* be a factor in determining whether that named plaintiff's representation would be adequate. *E. g., Jenkins v. General Motors Corp.,* 354 F.Supp. 1040 (D.Del.1973); *Hyatt v. United Aircraft Corp.,* 50 F.R.D. 242 (D.Conn.1970). Since Bachman left the FTC only recently, no such problem exists here.

banc, reversing pertinent portion of panel decision).[6]

■ As to 23(a)(3), the Court is convinced that Bachman's claim of discrimination in the agency's failure to promote him to a GS–15 level is typical of the claims of the class. Bachman has alleged that the agency's discriminatory policies pervade not only promotion practices, but all aspects of its employment practices, at least as they pertain to professionals and semi-professionals. As a person aggrieved, he can represent other victims of those policies "whether or not all have experienced discrimination in the same way." *Long, supra,* 502 F.2d at 43.

As to Rule 23(a)(4), the Court is convinced that plaintiff Bachman has no interests antagonistic to those of the class in general. The Court is also convinced that plaintiff will pursue his complaint and that of the class vigorously. Finally, the Court is convinced that counsel for the plaintiff are competent to represent the interests of the class and have, in fact, shown sufficient expertise and ability in their papers submitted to the Court and at oral argument to justify class certification. Counsel have assured the Court that, when necessary, they will consult with certain attorneys who have broad experience in the Title VII field, and the Court expects counsel to fulfill that promise.

### D. *Conclusion*

In accordance with the foregoing, the Court will certify the class to consist of all blacks presently employed as professionals and semi-professionals at the FTC, all blacks who have applied for such positions and have been denied employment for discriminatory reasons, and all blacks who have been employed in such positions by the FTC in the past and have left or have been discharged for discriminatory reasons. The Court re-emphasizes the conditional nature of this certification and notes that the class will be subject to re-definition, re-formulation, or even dissolution if discovery or other subsequent developments so warrant.

■ Defendant has requested that the Court exercise its discretion under Rule 23(d)(2) to require that the plaintiffs provide notice to the members of the class. Notice is not automatically required in Rule 23(b)(2) actions, and this Court sees no reason to exercise its discretion and require notice in this case. Defendant has not made any showing of potential unfairness to the class members, and in the absence of such a showing the Court is reluctant to place potentially expensive pre-conditions on this most effective vehicle for uprooting discrimination in employment. *See Wetzel, supra,* 508 F.2d at 254–57; *Jones, supra,* 68 F.R.D. at 22–23.

The Court notes the presence on its docket of a case related and very similar to the instant action. *Jackson v. Collier,* C.A. No. 76–522 (D.D.C. filed Mar. 31, 1976, motion for class certification pending). Counsel for the parties in *Jackson* were present at the hearing on the instant motion, and the at-

---

**6.** Defendant relies on *Gillead v. Defense Supply Agency,* 11 F.E.P. Cases 1180 (S.D.N.Y.1975), in asserting that Bachman, who resigned voluntarily, cannot represent present employees and applicants for employment. In *Gillead,* the plaintiff was embroiled in a dispute with his superiors at the defendant agency over the agency's enforcement of its equal opportunity program as it pertained to government contractors. He resigned voluntarily, claiming he was hindered in proper enforcement of the equal opportunity program. Plaintiff sued the agency for declaratory and injunctive relief and claimed to represent a class of his colleagues at the agency and all minorities and females who would benefit from proper equal opportunity enforcement. It was in this context that the court, in denying the class action motion, ruled that plaintiff was not a member of the class of present employees at the agency. The court characterized the suit as "essentially bottomed on a running dispute with his superiors" as to agency policy and procedure, *Id.,* at 1182, and dismissed the entire action as moot. In the context of the mootness issue, the court noted that plaintiff's dissatisfaction with his job could not convert his resignation into a termination, a point on which the government relies in this case. Obviously, the facts and issues of *Gillead* are completely distinguishable from those in this case and in the other cases cited herein. In fact, as noted above, it would be incorrect to characterize *Gillead* as an employment discrimination case.

torney for plaintiff Jackson indicated he would be willing to dismiss that action if class certification were granted in *Bachman* and his client became a member of the class. Since class certification has been granted and Jackson clearly falls within the class certified by the Court, an Order dismissing Jackson's case will be entered of even date herewith. The Court anticipates that counsel for Jackson will participate in further proceedings in this action and will welcome the additional representation he would provide for the class.

As a final matter, the Court notes that discovery in this case was stayed pending the instant determination. The parties are now free to engage in discovery. The Court recognizes that Title VII cases often necessitate extensive discovery; accordingly, the Court will authorize a discovery period of 120 days. The government is expected to be cooperative as to all reasonable discovery requests, keeping in mind the broad latitude of this case in its present posture. By the same token, the plaintiffs are expected to limit their requests to material which is either certainly necessary or likely to produce such material or information. The Court is confident that if the parties cooperate, discovery can be completed within the next 120 days. While the Court will grant an extension of discovery for extraordinary good cause shown, the Court will not look favorably upon requests for extension.

## II. THE MOTION FOR INTERVENTION

Movant Doris Hollingsworth claims that she was denied employment as an attorney at the FTC, despite her outstanding record, because of race and sex discrimination in the agency's hiring policies. Movant admits that she has not exhausted her administrative remedies to date. If she filed this case as an original action, she would first have to exhaust her administrative remedies. *See Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The Court sees no reason to short-circuit the administrative process in this case. First,

the Court notes that Ms. Hollingsworth raises sex discrimination issues which have not been processed through the agency and would certainly broaden the scope of this lawsuit. Second, to the extent her interests overlap with those of the class certified herein, those interests will be protected by this class action. In this connection, the Court notes that representation of her interests as a class member will certainly be adequate, inasmuch as her attorneys are also plaintiff Bachman's attorneys. To the extent her interests are divergent from those of the class, Ms. Hollingsworth has a separate legal action which should be processed independently in the agency and, if necessary, the courts.

## III. CONCLUSION

The motion for class certification is granted, as modified by the Court. The motion for intervention is denied. An Order in accordance with the foregoing will be issued of even date herewith.