Janice STEWART, and all others similarly situated, Plaintiff,

v.

BANK OF PONTOTOC, MISSISSIPPI, et al., Defendants.

No. WC 76–36–S.

United States District Court, N. D. Mississippi, W. D.

March 28, 1977.

Solomon Osborne, North Miss. Rural Legal Services, Greenwood, Miss., Leonard McClellan, North Miss. Rural Legal Services, Oxford, Miss., for plaintiff.

W. P. Mitchell, William M. Beasley, Mitchell, Rogers, Eskridge, Voge & Clayton, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The court has for determination in the action sub judice, the following motions:

1. Defendant bank's motion to require class action showing, filed November 2, 1976. This motion is supported by a memorandum filed November 3, 1976. Plaintiff has not filed a reply memorandum;

2. Defendant bank's motion to compel answers to interrogatories filed November 10, 1976. This motion is supported by a memorandum filed November 12, 1976. Plaintiff has not submitted a reply memorandum.

3. Plaintiff's motion for a protective order, filed November 30, 1976. This motion is supported by affidavit of plaintiff and a memorandum filed December 1, 1976. Defendants have not filed a reply memorandum.

4. Plaintiff's motion to maintain action as a class action, filed December 6, 1976. This motion is supported by a memorandum filed December 26, 1976. Defendants filed a reply memorandum on December 27, 1976.

The motions described above relate primarily to the issue of whether the action can be maintained as a class action.

Plaintiff is a black person who made an application to defendant bank for employment on Monday, July 26, 1976. She contends that she was not employed because of her race. Plaintiff contends that prior to the time she made application for a position with defendant bank, it had never had a black employee in any capacity other than that of janitor. The record reflects that since the filing of the action sub judice the bank has employed two black persons in the bookkeeping department. Plaintiff was not offered either position.

Plaintiff seeks to represent a class composed of (1) all black persons who have applied for employment at the Bank of Pontotoc and have been deterred or denied employment; and (2) all black persons who have been deferred and deterred from ap-

plying for positions because of defendants' denial of equal employment opportunities and the practices that manifest this denial and which are complained of here.

Plaintiff brings the action under 42 U.S.C. §§ 1981, 1982, 1983 and 28 U.S.C. § 1343(3) and (4). Jurisdiction is also invoked under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. The complaint does not allege that plaintiff has exhausted her administrative remedies under the Civil Rights Act of 1964. This would not, however, abate the action under 42 U.S.C. § 1981. *Johnson v. REA,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Caldwell v. National Brewing Co.,* 443 F.2d 1044 (5th Cir. 1971).

Defendants contend that the action sub judice is not a proper class action and that class representation should be denied plaintiff for two reasons: (1) The class proposed by plaintiff is not sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member and (2) that plaintiff has failed to carry the burden of proof that the class is so numerous that joinder of all members is impractical.

■ Plaintiff seeks to represent all black persons who have applied for employment at defendant bank and have not been employed and all black persons who would have made application for employment but did not do so because of the bank's discriminatory employment practices. It has been said "[b]y their very nature, civil rights class actions almost invariably involve a plaintiff class." 7 C. Wright & A. Miller, Federal Practice and Procedure § 1776 (Supp.1976); *see Jones v. Diamond,* 519 F.2d 1090, 1097–1100 (5th Cir. 1975); *Rodriguez v. East Texas Motor Freight,* 505 F.2d 40, 50 (5th Cir. 1974), *cert. granted,* 425 U.S. 990, 96 S.Ct. 2200, 48 L.Ed.2d 814 (1976). The fact that plaintiff does not know and cannot name a number of persons who have been the subject of racially discriminatory employment policies practiced by defendant bank does not defeat her right to bring a class action.

Plaintiff's motion to prosecute a class action will be sustained and an order tentatively describing the class will be entered by the court.

This holding disposes of defendant bank's motion to require class action showing by plaintiff and plaintiff's motion for class action determination.

The other two motions deal mainly with the answers given by plaintiff to the interrogatories propounded to her by defendant bank. The court has considered the position of both parties and finds as follows:

■ Interrogatory No. 1. The plaintiff should not be required to answer this interrogatory. The record shows that the information requested relates to a physical condition of plaintiff when she was 13 years of age, and that she does not have the means of securing the information. The court finds that the matter is too remote to be material to the issues.

■ Interrogatory No. 5. This interrogatory, subsections (a) through (f), seeks information in regard to plaintiff's application to and acceptance by the University of Mississippi School of Law. If plaintiff does not have at hand the information from which to formulate answers to these questions, most, if not all, of the information can be obtained from the records of the school. Plaintiff will be required to answer these questions as fully as possible from the information which she can obtain from the law school.

■ Interrogatory No. 8. The defendant bank seeks by this interrogatory to obtain information relating to the earnings of plaintiff in 1971, 1972, 1973, 1974 and 1975, and during the first six months of 1976. Plaintiff's answer to each is "unknown".

It appears to the court that plaintiff did not make the required effort to secure the information from which to answer this interrogatory. Plaintiff will be required to answer the interrogatory or give a satisfactory explanation, as to each period, why the information cannot be obtained.

Interrogatories 21, 31, 33, 34. The plaintiff could not be expected to give the de-

tailed information called for by these interrogatories. The motion to compel as to these will be overruled.

The plaintiff is under a continuing duty, however, in the event information in regard to the subject matter of Interrogatories 31, 33 or 34 comes to her attention or is discovered by her or any of her attorneys to supplement the answers which she has given to these interrogatories.

An appropriate order will be entered by the court.