Charles W. ARNETT, Plaintiff,

v.

AMERICAN NATIONAL RED
CROSS, Defendant.

Civ. A. No. 76–1083.

United States District Court,
District of Columbia.

Jan. 31, 1978.

As Amended March 7, 1978.

cept those who hold or have held non-supervisory positions with the defendant) for supervisory positions and all black supervisory employees of the defendant American National Red Cross, who have applied for employment or who have been employed by the defendant at any time since June 1, 1969, and who have allegedly been discriminated against by the defendant on account of their race or color in ways that have deprived them of equal employment opportunities.

## I. BACKGROUND

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981, alleging employment discrimination by the defendant. Plaintiff sought to certify the class as all black applicants for employment and all employees of the defendant who have applied for employment or who have been employed at any time since June 1, 1969, and who have allegedly been discriminated against on the basis of race or color.

Plaintiff was hired by the defendant in 1956 as an assistant field director in Service to Military Installations (SMI). The defendant is divided into a National Office and four National Field Offices (NFO). In addition, the defendant is divided into three functional divisions: Service to Military Installations (SMI), Service to Military Hospitals (SMH), and Service to Veterans Affairs Office (SVAO).[1] The plaintiff was initially assigned to the Midwestern NFO but was later transferred to the Southeastern NFO, where he is presently employed.

Wiley A. Branton, Jr., Washington, D. C., Julius LeVonne Chambers, Charlotte, N. C., for plaintiff.

Fred F. Fielding, Robert J. Smith, Sozeen J. Mondlin, James S. Wright, Jr., Washington, D. C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on plaintiff's motion to certify the case as a class action under Fed.R.Civ.P. 23(b)(2). For the reasons hereinafter stated, the Court will conditionally certify the case as a class action consisting of all black applicants (ex-

On October 18, 1976, plaintiff first moved for class certification. The Court denied this Motion for Provisional Class Certification, noting that the plaintiff had been unable to allege with any degree of specificity the practices and policies which were claimed to affect the class at large. Accordingly, the plaintiff was authorized to conduct discovery regarding the maintaina-

1. On July 1, 1977, SMI and SMH were combined into a new service designated Service to Armed Forces.

bility of the action as a class action. The motion for class certification now before the Court is plaintiff's renewed motion, following extensive discovery.

## II. DISCUSSION

The plaintiff attempts to maintain this class action under Fed.R.Civ.P. 23(b)(2). To do so, plaintiff must first satisfy the four prerequisites of Rule 23(a): numerosity, commonality of questions of law or fact, typicality of claims or defenses, and adequacy of representation. In addition, plaintiff must show that the defendant "has acted or refused to act on grounds generally applicable to the class." Fed.R.Civ.P. 23(b)(2).

The objections of the defendant raise three issues which this Court must decide in order to certify the class: whether the plaintiff will "fairly and adequately protect the interests of the class," Fed.R.Civ.P. 23(a)(4); whether the plaintiff's claims are typical of the claims of the class; and whether the defendant has acted or refused to act on grounds generally applicable to the class.

A. *The Plaintiff Will Not Adequately Protect the Interests of Non-Supervisory Personnel Because of a Conflict of Interest.*

█ In order to represent the class, the plaintiff must "fairly and adequately protect the interests of the class." Fed.R. Civ.P. 23(a)(4). One test of this is whether the plaintiff has interests antagonistic to those of the class. *See National Association of Regional Medical Programs v. Mathews*, 179 U.S.App.D.C. 154, 159, 551 F.2d 340, 345 (D.C.Cir.1976), *cert. denied*, 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977).

The plaintiff has served since 1962 in a supervisory capacity with the defendant. He has had both professional and non-professional personnel under his direction. In his capacity as a supervisor, plaintiff has routinely acted on behalf of management.

He has not only been responsible for helping to hire personnel but also has evaluated the work of his subordinates—evaluations which have been used in determining promotions. Plaintiff directly participated in decisions regarding the employment opportunities of the defendant's employees. Thus, he has had the authority to recommend that employees be hired, disciplined or discharged.[2]

When a proposed class representative holds a supervisory position, courts have limited the scope of the class so as to include only supervisory personnel. In *Wells v. Ramsay, Scarlett & Co.*, 506 F.2d 436 (5th Cir. 1975), the court held that a foreman, who supervised longshoremen, could not adequately represent a class that included longshoremen. In *Rodgers v. United States Steel Corp.*, 69 F.R.D. 382 (W.D.Pa.1975), the court refused to allow a foreman challenging the defendant's hiring and promotion policies to represent a class that included non-supervisory personnel. Crucial to the court's holding was the fact that a foreman

> is a representative of management interests in matters that are part and parcel of this lawsuit, and thus stands in direct conflict with the interests of the instant class of unit employees. . . . But his supervisory position necessarily and naturally weds him to interests manifestly antagonistic to those of the class he seeks to represent.

69 F.R.D. at 389. *See Lo Re v. Chase Manhattan Corp.*, 431 F.Supp. 189 (S.D.N.Y. 1977) (rejects argument that supervisors are adequate representatives of non-supervisory personnel because they all suffer from discrimination based on sex); *Steur v. ITT Continental Baking Co., Inc.*, No. 77–0220–R (E.D.Va. September 2, 1977) (supervisor who previously made recommendations as to hiring, though presently functioning in non-supervisory capacity, could not adequately represent class that included non-supervisory personnel).

---

2. These facts are based on depositions and affidavits filed by the defendant. None of these facts have been challenged by the plaintiff.

■ Applying this principle to this case, the Court finds that the plaintiff cannot adequately represent the interests of the non-supervisory personnel. Fed.R.Civ.P. 23(a)(4). He has been a part of the practices he is now challenging. As such, he has an interest antagonistic to that of the non-supervisory personnel, and, therefore, the Court will limit the class to supervisory personnel.[3]

### B. The Plaintiff's Claim of Discrimination Against Supervisory Personnel is Typical of the Class Represented.

■ Having concluded that the plaintiff can only fairly and adequately represent the interests of a class of supervisory personnel (applicants, present and former employees), the Court must next address defendant's argument that plaintiff's claims are not typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). The defendant raises two objections here: first, it claims that because each National Field Office, and the SMI division within each Office, are virtually autonomous in making personnel decisions,[4] the plaintiff may only represent the SMI division in the NFO in which he has worked; second, it claims that because the plaintiff was not discriminated against in hiring, he cannot represent the applicants *denied* employment on account of discrimination.

The Court is aware of authority indicating that when a personnel system is decentralized and each unit establishes its own personnel policies, it is improper to allow a plaintiff who has only been employed in one of the units to challenge the entire system. *See Rowinski v. Vaughn*, 76 F.R.D. 241 (D.D.C.1977); *Parker v. Kroger Co.*, 14 FEP Cases 75 (N.D.Ga.1976). In fact, this Court explicitly acknowledged this rule in *Barrett v. Civil Service Commission*, 14 FEP Cases 1007 (D.D.C.1976). However, the Court did not apply this rule in that case:

> Defendants have demonstrated that the various NASA installations exercise some autonomy in the management of their personnel programs. But it is also clear that officials at NASA headquarters have overall responsibility for personnel programs and policies.

14 FEP at 1009. Thus, if the main headquarters has overall responsibility for personnel decisions, then the class should not be limited to individual units.

In this case, the defendant has asserted by affidavit that each NFO has autonomy over personnel decisions. The affidavit does indicate that the SMI staff within each NFO has considerable autonomy in personnel matters; however, when the promotion of supervisory employees is involved, the National Headquarters appears to play a more significant role. For example, the approval of the National Headquarters is required for the promotion of one from Field Director II to Field Director III, promotion of overseas persons, and all professional personnel promotions made since June, 1976.[5] Accordingly, the Court finds that the National Headquarters has sufficient involvement in the promotion process of supervisory personnel to justify a broad classwide attack on this process. Therefore, the Court will *not* limit the class to only persons within the SMI division of the NFO in which the plaintiff has worked.

As to the defendant's second contention that a person presently employed does not raise claims typical of those denied employ-

---

**3.** The defendant has argued that the class should be limited further to restrict the class to professional employees. *See Peterson v. Bender Co.*, 15 FEP Cases 692 (N.D.Ga.1977). The Court believes that there is no need to limit the class in this way. *See Rich v. Martin Marietta Corp.*, 522 F.2d 333, 340 (10th Cir. 1975); *Barrett v. Civil Service Commission*, 14 FEP Cases 1007, 1008 (D.D.C.1976). The Court, at present, is convinced that the plaintiff will fairly and adequately protect the interest of non-professionals. If further developments reveal that the case will only focus on discrimination against professionals, this Court can and will modify the class certification, which is specifically made conditional pursuant to Fed.R.Civ.P. 23(c)(1).

**4.** *See* Affidavit of Elsie Cabell, National Director of Personnel of the American Red Cross, at 2 (October 12, 1977).

**5.** *Id.* at 3.

ment, this Court has already ruled on this issue. In *Bachman v. Collier*, 73 F.R.D. 300 (D.D.C.1976), the Court held:

> The authorities are clear in support of the proposition that a former employee who left of his own volition can be a typical and adequate representative of a class including present employees and applicants for employment. *E. g., Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3rd Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Mack v. General Electric Co.*, 329 F.Supp. 72 (E.D.Pa.1971); *Predmore v. Allen*, 407 F.Supp. 1053, 1064–65 & n.21 (D.Md. 1975).

73 F.R.D. at 305. Contrary to the defendant's contention, the Court finds the situation here, of a present employee challenging across-the-board discrimination, indistinguishable from the situation in *Bachman*, where a former employee brought the suit. *See Barnett v. W. T. Grant Co.*, 518 F.2d 543, 548 (4th Cir. 1975); *Holliday v. Red Ball Motor Freights*, 15 FEP Cases 58, 59 (S.D.Tex.1977). As the Court pointed out in *Bachman*, class actions of this type facilitate consideration of all of an employer's alleged discriminatory policies, thus avoiding piecemeal consideration of isolated aspects of his policies. Furthermore, this approach is efficient from the standpoint of judicial economy. 73 F.R.D. at 305. Moreover, if this across-the-board approach were to be rejected, much discrimination against applicants would go unremedied, for applicants who are not in contact with other

applicants denied employment by the defendant are not as competent to commence an action as present and former employees, who may be more aware of the discriminatory policies of the defendant. Therefore, it is necessary in light of the policy underlying Title VII—the elimination of all discrimination in employment—to allow an across-the-board action by a present employee,[6] such as the plaintiff in this case. Accordingly, the Court finds that the plaintiff's claims are typical of the claims of the class, thus satisfying Fed.R.Civ.P. 23(a)(3).

### C. *Plaintiff Has Made a Sufficient Showing That the Defendant Has Acted or Refused to Act on Grounds Generally Applicable to the Class.*

■ To maintain this action as a class action under Fed.R.Civ.P. 23(b)(2), the plaintiff must show that the defendant has acted or failed to act on grounds generally applicable to the class. Suits alleging racial discrimination are by their very nature class suits. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 1898, 52 L.Ed.2d 453 (1977).

■ The defendant has argued that the plaintiff has failed to establish a *prima facie* case of discrimination. *See McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, the case is before the Court on a motion for class certification, and, therefore, the proof required here need not establish liability. Rather, the Court at this time need only

---

**6.** The defendant places reliance upon the dictum in *East Texas Motor Freight System, Inc. v. Rodriquez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), which states:

> The District Court found upon abundant evidence that these plaintiffs lacked the qualifications to be hired as line drivers. Thus, they could have suffered no injury as a result of the alleged discriminatory practices, and they were, therefore simply not eligible to represent a class of persons who did allegedly suffer injury. Furthermore, each named plaintiff stipulated that he had not been discriminated against with respect to his initial hire. In the light of that stipulation they were hardly in a position to mount a classwide attack on the no-transfer rule and seniority system on the ground that these prac-

tices perpetuated past discrimination and locked minorities into the less desirable jobs to which they had been discriminatorily assigned.

97 S.Ct. at 1897 (footnote omitted). This Court does not believe that the Supreme Court intended, by this language, to preclude an across-the-board attack *by one who was discriminated against*—whether it be in the hiring, promotion, or discharge aspects of the defendant's practices. *Cf. Satterwhite v. City of Greenville, Texas*, 557 F.2d 414 (5th Cir. 1977) (avoids interpreting this language in *Rodriguez* literally). What the Supreme Court did intend was to preclude the maintenance of a class action by one who was *not discriminated against at all.*

determine whether plaintiff "is asserting a claim which, *assuming its merit*, will satisfy the requirements of Rule 23." *See Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976). In fact, this Court is explicitly precluded from inquiring into the merits of a suit in order to determine whether it may be maintained as a class action. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

■ The key question is whether the defendant has acted or refused to act on grounds generally applicable to the plaintiff class. In interpreting what this means in a Title VII context, the Court is guided by *United States v. Trucking Employers, Inc.*, 75 F.R.D. 682 (D.D.C.1977). There, the court stated that in determining the Rule 23(b)(2) issue for a plaintiff class, "the question is whether each plaintiff has alleged common grounds for relief." 75 F.R.D. at 692 (emphasis added). Here, the plaintiff has alleged discriminatory acts of the defendant (failure to hire, failure to promote, improper transfer, improper discharge) which are common to the members of the class. Accordingly, the plaintiff has satisfied the requirements of Fed.R.Civ.P. 23(b)(2).

### III. CONCLUSION

■ The Court will conditionally certify the case as a class action, consisting of all black applicants (except those who hold or have held non-supervisory positions with the defendant) for supervisory positions and all black supervisory employees of the defendant American National Red Cross, who have applied for employment or who have been discriminated against by the defendant in ways which deprive them of equal employment opportunities on account of their race or color.[7]

An Order in accordance with the foregoing will be issued of even date herewith.

---

**7.** In doing so, the Court is assuming, because not objected to by the defendant, that the requirement of numerosity is met as to this class. If the defendant believes that the numerosity requirement is not met as to this class, it may file a motion to this effect, pursuant to this Court's Order.

Furthermore, the Court wishes to note that this conditional certification shall not in any way be construed as a finding that those in the class are entitled to relief. Time requirements, such as the statute of limitations, *may* make relief unavailable to certain members of the class.