Elbert WOODSON et al.

v.

Terrell Don HUTTO et al.

Civ. A. No. 78–0541–R.

United States District Court, E. D. Virginia, Richmond Division.

Jan. 12, 1979.

Donnalee R. Steele, Anita K. Henry, Reginald M. Barley, Neighborhood Legal Aid, Richmond, Va., for plaintiffs.

James E. Moore, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

This matter is before the Court on plaintiffs' motion for class certification pursuant to Fed.R.Civ.P. 23. Plaintiffs Woodson and Richie seek to represent a class of black employees of the Virginia Department of Corrections who had been discriminated against with respect to assignment or promotion on account of their race.

■ Plaintiff Woodson complains of reprisals for having filed a grievance of race discrimination. Counsel for plaintiffs admit that they are unable to find any persons other than Woodson who have complained to the EEOC of being subjected to harassment by reason of their filing civil rights complaints with the EEOC. There is, therefore, no indication that the class of persons whom Woodson could represent in a Title VII action is too numerous to join each member, as required by Rule 23(a)(1). Accordingly, certification of a class represented by plaintiff Woodson must be DENIED.

The record shows that plaintiff Richie was a professional and supervisory employee of the Department of Corrections. The record further shows, and counsel for plaintiffs admits, that the number of black professional and supervisory employees of the

Department of Corrections is not so great as to make joinder of each of them impracticable. Richie, however, seeks to represent all black employees of the Department of Corrections. This class would be sufficiently numerous that joinder of each member would be impracticable.

■ The Court is, however, of the view that Richie is not an adequate representative for such a class. The requirements of Rule 23(a)(2), (3), and (4) are designed to insure that the representative party will be a person who understands the problems and concerns of the class members. Otherwise, absent class members could be bound by an unfavorable judgment based on the inadequate efforts of one whose concerns were foreign to their own. The Court finds that there are questions of law and fact common to the class. It is in the area of typicality and adequacy of representation that the Court sees difficulty in this case.

■ The plaintiff alleges a Title VII action based upon disparate treatment in making employment decisions. In such a case, the particulars of each employment decision challenged, and not merely the discriminatory impact of a facially neutral promotion requirement, will be at issue. This alone would not preclude class treatment. See *Greene v. Brown*, 451 F.Supp. 1266 (E.D.Va.1978). It does, however, underscore the necessity for a class representative who is familiar with the problems encountered in the lower levels of the defendant's work force.

The courts have expressed their reluctance to permit supervisory or professional personnel to represent lower-level personnel in Title VII actions as being based on a conflict of interests, the atypicality of the supervisory employee's claim, or the lack of "nexus" between the plaintiff and the class he seeks to represent. *Wells v. Ramsay, Scarlett & Co. Inc.*, 506 F.2d 436 (5th Cir. 1975); *Lo Re v. Chase Manhattan Corp.*, 431 F.Supp. 189, 196–198 (S.D.N.Y.1977); *Arnett v. American National Red Cross*, 78 F.R.D. 73, 75–6 (D.D.C., 1978). In *Donaldson v. Pillsbury Co.*, 554 F.2d 825 (8th Cir. 1977), plaintiff, a management employee, sought to represent a class composed of all black and female persons employed at the headquarters of defendant corporation. The district court denied class certification, saying that plaintiff's claims were unique to herself and not typical or representative of the classes she sought to represent. The court of appeals reversed, holding that the plaintiffs charged discrimination based on patterns and practices not unique to herself but shared by other members of the class. On this basis, the Court found the plaintiff to be a proper representative of a class including all employees at her place of employment.

The *Donaldson* Court drew an analogy to *Long v. Sapp*, 502 F.2d 34, 43 (5th Cir. 1974). In that case, the Court held that a former employee could represent a class which included persons who had never been hired by the defendant county. However, this Court believes that the Supreme Court's holding in *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), is contrary to the 5th Circuit's holding in *Long*. See *Greene v. Brown*, 451 F.Supp. 1266, 1277 (E.D.Va.1978). Also, the *Donaldson* Court did not focus on the precise problem which concerns the Court here. The only specific ground given by the district court in denying class certification in *Donaldson* was the atypicality of the plaintiff's claim. As a result, Judge Webster dealt primarily with the outline of the plaintiff's claim, and did not seriously consider the typicality question as it affected adequacy of representation. For these reasons, this Court does not believe that *Donaldson* provides much useful guidance in deciding the present question.

Accordingly, plaintiff's motion for class certification must be DENIED.

And it is so ORDERED.

Let the Clerk forward a copy of this memorandum and order to all counsel of record.