EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

and

Local 449, Washington Printing Special-
ties and Paper Products Union, et al.,
Plaintiff-Intervenors,

and

Local 42–B, Graphic Arts International
Union, et al., Plaintiff-Intervenors,

v.

PRINTING INDUSTRY OF METROPOL-
ITAN WASHINGTON, D.C., INC. (UN-
ION EMPLOYERS DIVISION), et al.,
Defendants.

Civ. A. No. 80–3213.

United States District Court,
District of Columbia.

Oct. 20, 1981.

Mollie W. Neal, Larry W. Newell & John T. Irick, E.E.O.C., Baltimore Dist. Office, Baltimore, Md., Linda R. Singer, Ronald A. Schechter, Anne-Marie Verstegen, Robert B. Fitzpatrick, Alan Banov, Washington, D.C., for E.E.O.C.

Lawrence T. Zimmerman, Steven R. Semler, Stephen C. Yohay, Washington, D.C., for Printing Industry of Metropolitan, D.C., Inc. et al.

Michael F. Marino, Washington, D.C., for Artisan Printing, Inc.

Malcolm L. Pritzker, Washington, D.C., for Craftsman Press, Inc.

John W. Vardman, Jr., Washington, D.C., for Kaufman Graphics, Inc. aka Holladay-Tyler Printing Corp.

R. Calvert Steuart, Hyattsville, Md., for McDonald & Eudy Printers, Inc.

Melville W. Feldman, Jay P. Krupin, Washington, D.C., for Merkle Press, Inc.

Alan D. Eisenberg, Robert E. Paul, Arlington, Va., for Local 101.

David M. Silberman, Washington, D.C., for Local 285.

Angelo V. Arcadipane, Woody N. Peterson, Washington, D.C., for Local 29.

Gerald I. Sommer, Washington, D.C., for Intern. Printing & Graphic Communications Union.

Martin R. Ganzglass, Washington, D.C., for Graphic Arts Intern Union.

William B. Peer, David Jonathan Cohen, Washington, D.C., for Local 144–B.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it the motion of plaintiff-intervenors for the entry of an order certifying this action as a proper class action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure and Local Rule 1–13 on behalf of women and blacks aggrieved by the alleged unlawful practices described in the original complaint and complaints in intervention. For the reasons hereinafter stated, the Court will conditionally certify the case into two separate classes: the first class represented by Local 42–B and the named female intervenors[1] consisting of all females who allege that they have been aggrieved by the unlawful practices described in the complaints herein; and the second class represented by Local 449 and the named black intervenors[2] consisting of all blacks who allege that they have been aggrieved by the unlawful practices described in the complaints herein.

▪ The plaintiff-intervenors attempt to maintain this class action under Fed.R. Civ.P. 23(b)(2). To do so, the plaintiff-intervenors must first satisfy the four prerequisites of Rule 23(a): numerosity, commonality of questions of law or fact, typicality of claims or defenses, and adequacy of representation. In addition, plaintiff-intervenors must show that the defendants "have acted or refused to act on grounds generally applicable to the class." Fed.R.Civ.P. 23(b)(2).

▪ Initially, the defendants[3] claim that the union intervenors may not be class representatives and may seek only injunctive and declaratory relief for their members.[4] However, it is clear that unions may maintain actions under Title VII on behalf of their members. As the Court of Appeals stated in *Social Services U., Local 535 v. Cty. of Santa Clara*, 609 F.2d 944, 946 (9th Cir. 1979):

> policy considerations weigh strongly in favor of affording standing to unions which file suit to end discriminatory employment practices. The financial backing and legal expertise that unions can provide would materially advance the type of private enforcement essential to the effectiveness of Title VII.

▪ Upon a determination that the unions may serve as class representatives, the Court must determine whether the criteria of Rule 23(a) of the Federal Rules of Civil Procedure have been met. The defendants first contend that the numerosity prerequisite of Rule 23(a) has not been met since the plaintiff-intervenors' estimates concerning the size of the class is based upon pure conjecture. *See Kinsey v. Legg, Mason & Company Inc.*, 60 F.R.D. 91, 100 (D.D.C. 1977). While mere conjecture is insufficient for certification, it is not necessary to determine with specificity an exact number. Rather, Rule 23(a)(1) merely requires that the class is so numerous that joinder of *all* members is impracticable. (Emphasis added). Moreover, the Court notes that as few as 25–30 class members should raise a presumption that joinder would be impracticable, and thus the class should be certified. 1 Newberg, *Class Actions* § 1105b at 174 (1977). The Court is satisfied that based on the papers submitted by plaintiff-interve-

---

1. Local 42–B and the named individuals, Ms. Mary-Ann Bedor, Ms. Helen M. Jackson, and Ms. Jennie Belle Kelley, were permitted to intervene by Court Order of April 2, 1981.

2. Local 449 and the named individuals, Mr. Robert Anistead and Mr. Aaron L. Treadwell, were permitted to intervene by Court Order of April 2, 1981.

3. While only certain defendants filed an opposition, the Court will adopt the opposition as to all defendants.

4. By Order dated April 2, 1981, the Court bifurcated the proceedings between liability and damages.

nors, the numerosity requirement has been met. As Judge Smith held in *Stewart v. Banks of Pontotoc, Mississippi*, 74 F.R.D. 552, 554 (N.D.Miss.1977):

> The fact that plaintiff does not know and cannot name a number of persons who have been the subject of racially discriminatory employment policies practiced by defendant bank does not defeat her right to bring a class action.

 The plaintiff-intervenors next contend that they have met the commonality and the typicality requirements of Rule 23(a). The common questions include systematic discrimination in selection for traditionally male and white positions within the printing industry. The types of relief sought by the plaintiff-intervenors—affirmative action, retroactive promotions, and back pay—are identical to those available to the classes they seek to represent. The defendants argue that the plaintiff-intervenors have failed to establish even a prima facie case of discrimination; that is, the plaintiff-intervenors have attempted to show systematic discrimination through only a handful of allegedly disparate treatments of individuals. However, as this Court noted in *Arnett v. American Nat. Red Cross*, 78 F.R.D. 73, 77 (D.D.C.1978):

> the case is before the Court on a motion for class certification, and therefore, the proof required here need not establish liability. Rather, the Court at this time need only determine whether plaintiff is asserting a claim which, assuming its merits, "will satisfy the requirements of Rule 23." *See Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976).

Moreover, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. 1 Newberg, *Class Actions* § 1115f at 191 (1977). Accordingly, based upon the evidence before the Court at this time, the Court is satisfied that the commonality and typicality requirements have been satisfied.

 The final prerequisite of Rule 23(a) is that the named plaintiff-intervenors will be able to represent adequately and fairly the interests of the proposed classes; i. e., that counsel for the class must be qualified, experienced and generally able to conduct the proposed litigation and that the interests of the representative party be coextensive with the interests of the entire class. *See Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562–3 (2d Cir. 1968).

 The defendants first contend that the failure of the plaintiff-intervenors and their attorneys to articulate precisely and clearly a definable, identifiable class is one of the most cogent reasons why the plaintiff-intervenors would be inadequate representatives. Secondly, the defendants contend that from the record, none of the named plaintiff-intervenors appreciates the responsibilities of serving as class representatives. That is, none of the individual plaintiff-intervenors were willing to assume the obligation of contributing to the cost of this litigation, including giving notice to the classes. The Court finds that those contentions have no merit. Rather, the Court finds that the classes will be adequately represented. This is evidenced by the fact that the two unions have separate counsel, who are eminently qualified. Further, the Court places little credence on the defendants' contentions that the named representatives have insufficient knowledge of all facets of the case, for if they knew everything, there would be little need for attorneys. It is likewise the case for the differences of opinion between the representatives and counsel that were expressed. The Court, in its experience, finds that such differences are a part of the attorney-client relationship, and are generally resolved within that relationship. As at all stages of a class action, should it become apparent that a class certification is no longer maintainable, the Court can decertify. Accordingly, the Court finds that the plaintiff-intervenors have met all four prerequisites of Rule 23(a).

 In addition to the requirements of Rule 23(a), to maintain this action as a class

action, the plaintiff-intervenors must also show that the defendants have acted or failed to act on grounds generally applicable to the class. Rule 23(b)(2). Suits alleging racial discrimination are by their very nature class suits. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) and *Arnett v. American Nat. Red Cross*, 78 F.R.D. 73, 77 (D.D.C.1978).

Based on the foregoing, the Court will conditionally certify the case as a class action, consisting of:

1. All female and minority persons currently employed by any defendant in this civil action;

2. All female and minority persons formerly employed by any defendant in this civil action at any time since three hundred (300) days prior to the filing of the administrative charges of discrimination with the Equal Employment Opportunity Commission;

3. All female and minority persons who have been rejected (constructively or otherwise) for employment by any defendant in this civil action at any time since three hundred (300) days prior to the filing of the administrative charges of discrimination with the Equal Employment Opportunity Commission;

4. All female and minority persons who may apply for employment with any defendant in this civil action in the future; and

5. All female and minority persons who will be employed by any defendant in this civil action in the future.

An Order in accordance with the foregoing will be issued of even date herewith.