Charles S. **FOLTZ**, et al., **Individually and as representatives of the class, Plaintiffs,**

v.

**U.S. NEWS & WORLD REPORT, INC.,** et al., **Defendants.**

**Civ. A. No. 84–0447.**

United States District Court, District of Columbia.

Nov. 20, 1984.

---

Alan Raywid, John D. Seiver, Susan P. Baxter, Cole, Raywid & Braverman, Washington, D.C., for plaintiffs Foltz, Handleman, Price and Williamson.

Richard J. Leighton, Avis Black, Washington, D.C., for Save the Fund.

Leslie A. Nicholson, Jr., Hannah E.M. Lieberman, Washington, D.C., for defendants U.S. News and Madana Realty.

Lawrence Latto, William Galeota, Julie Melamud, Shea & Gardner, Washington, D.C., for Profit-Sharing Plan.

Richard J. Wertheimer, Hadrian Katz, Edward Wolf, Washington, D.C., for defendants Sweet, Stone, Dunn and Keker.

Willis B. Snell, Willard K. Tom, Steuart H. Tomsen, Washington, D.C., for defendant The American Appraisal Co.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

### BACKGROUND

This Memorandum Opinion is issued in support of this Court's Order Declaring a Class Action and Directing Notice to Class Members, filed September 10, 1984 ("September 10 Order"). The plaintiffs in this action, Charles S. Foltz, Howard M. Handleman, Bem Price, M. Eugene Williamson, Richard J. Theobald, Nathan J. Margolin, and Edward H. Castens, have been certified as class representatives. They are retired employees of defendant U.S. News & World Report, Inc. ("U.S. News" or "Company"), and each of them retired in a different year during the period 1975–1981.[1] At the time of retirement, the plain-

---

1. The Court also certifies plaintiff Robert deVogelaere, who left U.S. News in 1974, as a class representative. Mr. deVogelaere moved to intervene in this action after the Court's Septem-

tiffs, as well as other employees of U.S. News, sold their stock in U.S. News back to the Company or liquidated their interests in the Company's profit-sharing plan. The plaintiffs assert that with respect to these transactions, the defendants severely undervalued the interests of U.S. News employees. They allege violations of federal securities and antitrust laws, in addition to breach of ERISA and common law duties.

In addition to U.S. News, the defendants include several former directors of U.S. News, the American Appraisal Company, the entity which determined the value of the stock, and the Madana Realty Company, a wholly-owned subsidiary of U.S. News.

In the September 10 Order, the Court conditionally certified this case as a class action proceeding, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class certified was composed of:

> all persons who retired from employment with, or were otherwise separated as employees of, U.S. News from 1975 to 1981, and who during their tenure as employees were shareholders of the Company, participants in the Company's profit-sharing plan, or beneficial owners of the stock of the Company; and who, upon their retirement or separation from the Company, sold to the Company their legal or beneficial interest in the Company's stock or surrendered their interest in the Company's profit-sharing plan.

The Court now addresses the criteria which support the certification of a class in this action.

## CLASS ACTION CRITERIA

A case may proceed as a class action if the four prerequisites of Rule 23(a) are met, and one of the three elements of 23(b) is satisfied. The four elements of Rule 23(a) require that: (1) the class is so numerous that joinder is impractical; (2) that there are questions of law or fact which are common to the class the plaintiff seeks to represent; (3) that the claims or defenses of the representative parties are typical of the claims of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class.

The defendants' opposition to class certification focuses on the adequacy of the plaintiffs as class representatives under Fed.R.Civ.P. 23(a)(4). With one exception, the defendants have not challenged the plaintiffs' showing with respect to numerosity, typicality or commonality.[2] In their lone challenge to typicality and commonality, the defendants suggest that even if class certification is appropriate, subclasses should be certified for each pertinent retirement year.

Apart from the question of subclasses, the Court is satisfied the plaintiffs have satisfied the first three requirements of Fed.R.Civ.P. 23(a). The plaintiffs' claims concerning the undervaluation of U.S. News stock are common to all members of the class, and the claims of the class representatives "exhibit the essential characteristics" of those of the class. *Pendleton v. Schlesinger*, 73 F.R.D. 506, 509 (D.D.C. 1977) (citation omitted), *aff'd sub nom. Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir.1980). Moreover, the plaintiffs' undisputed estimation that the class consists of at least 200 members is sufficient to satisfy the numerosity requirement. The Court now turns to the defendants' objections to class certification, and their alternative

---

ber 10 Order. The Court granted his motion to intervene, but reserved ruling on whether he was a suitable class representative until after the defendants had the opportunity to depose him. After considering Mr. deVogelaere's deposition testimony and the relevant pleadings, the Court determines that he is an adequate class representative. The accompanying order modifies the September 10 Order to reflect this ruling.

**2.** Although the defendants' challenges focus on the adequacy of representation requirement, some of these challenges could also be asserted in connection with commonality and typicality. These requirements are often interchangeable and their dividing lines are not hard and fast. *Donaldson v. Pillsbury*, 554 F.2d 825, 829–30 (8th Cir.), *cert. denied*, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977).

suggestion that subclasses should be certified.

**Rule 23(a)(4): Adequacy of Representation**

█ The two-part standard for fair and adequate representation of a class under Rule 23(a)(4) requires that:

> counsel for the class must be qualified, experienced and generally able to conduct the proposed litigation and [ ] the interests of the representative party [must] be coextensive with the interests of the entire class.

*Equal Employment Opportunity Commission v. Printing Industry of Metropolitan Washington, D.C., Inc.,* 92 F.R.D. 51, 54 (D.D.C.1981). Here, the defendants argue that the plaintiffs are inadequate representatives for the following reasons: failure to plead fraud with particularity and statute of limitations problems; and failure to adequately investigate the grounds for their allegations pursuant to Fed.R.Civ.P. 11.[3]

These arguments must be rejected. In *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974), the United States Supreme Court cautioned against reliance on merits considerations in determining whether class certification is appropriate. *Accord E.E.O.C. v. Printing Industry,* 92 F.R.D. at 54 (citations omitted). Here, the dispute concerning the adequacy of the plaintiffs showing of fraud is at the heart of this litigation. In view of the fact that the plaintiffs have presented a colorable case on the merits, the sufficiency of their fraud allegations does not enter into the class certification equation.

The same rationale applies to the defendants' argument that the statute of limitations bars the claims for a portion of the relevant class period. Both of these merits considerations may be dealt with after the parties file any appropriate dispositive motions. If this Court subsequently determines that the claims of certain class members are barred by the statute of limitations, it may order that those individuals or their representative class years be deleted from the class. *Cohen v. District of Columbia National Bank,* 59 F.R.D. 84, 90 (D.D.C.1972).

█ Moreover, the defendants' assertions challenging the adequacy of plaintiffs' investigation and knowledge of the facts underlying this lawsuit raise no serious concerns. Class representatives are not required to possess detailed substantive knowledge of the nature of their lawsuit. *E.E.O.C. v. Printing Industry,* 92 F.R.D. at 54. Moreover, the huge increase in the value of U.S. News stock in 1982 was sufficient to put the plaintiffs on notice of possible grounds for a lawsuit. *See, e.g.,* Foltz Deposition at 49, filed July 3, 1984; Price Deposition at 45, filed July 3, 1984; Williamson Deposition at 24–25, filed July 3, 1984.

**The Appropriateness of Subclasses**

█ Next, the defendants argue that if a class is certified, separate subclasses for each pertinent class year should be established. They point to distinct factual issues which must be adjudicated for each annual appraisal, and conflicts of interest among retirees in different years. The allegation of conflict among class members stems from the defendants' complex speculations on the apportionment of damages between class members. They assert that each plaintiff's recovery will depend on the mix of undervaluation in the years preceding his retirement, creating different sets of incentives for recovery between members of each class year.

While these assertions are not frivolous, the concerns which are common to all class members far outweigh their individual interests. The key issue in this action is whether the defendants fraudulently undervalued U.S. News stock during the relevant class period. If conflicting interests

---

**3.** None of these arguments concerns the ability of plaintiff's counsel. The affidavit filed by plaintiffs' lead counsel on July 17, 1984 demonstrates that he is amply qualified to conduct this litigation on behalf of the plaintiffs.

become more apparent at a later stage in this litigation, the Court will have the opportunity to create subclasses to resolve the conflicts. *See Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976).

**Rule 23(b)(3)**

In addition to satisfying the criteria of Rule 23(a), the plaintiffs also meet the requirement of Rule 23(b)(3) that common questions of law and fact predominate over questions affecting individual members of the class. Here, the factual and legal questions concerning the alleged undervaluation of the plaintiffs' interests in U.S. News are the primary issues in this case, and are common to all members of the class. Moreover, a class action is superior to individual actions due to the efficiencies achieved through economies of scale. Indeed, separate litigation of these individual claims would be both wasteful and unnecessary when the major issues can be resolved in a single proceeding. The Court perceives no procedural unfairness or any other undesirable consequences from certifying this case as a class action. Advisory Committee Notes to Rule 23(b)(3), 39 F.R.D. 69 (1966) at 102–03.

### CONCLUSION

In sum, the Court concludes that the class of retired U.S. News employees certified in the September 10 Order, as modified to include the year 1974, meets the requirement of Rule 23, Federal Rules of Civil Procedure. This finding is provisional, and may be modified in light of subsequent proceedings.

