Jamal J. KIFAFI, individually and on behalf of all others similarly situated, Plaintiff,

v.

HILTON HOTELS RETIREMENT PLAN, et al., Defendants.

No. CIV.A. 98–1517 CKK.

United States District Court, District of Columbia.

May 11, 1999.

Stephen Robert Bruce, Washington, DC, for plaintiff.

Robert N. Eccles, Lynn E. Parseghian, O'Melveny & Myers, L.L.P, Washington, DC, for defendant.

## MEMORANDUM OPINION

KOLLAR–KOTELLY, District Judge.

With the Court's permission, Plaintiff Jamal J. Kifafi has filed a six-claim amended complaint, in which he alleges that the Defendants have violated various provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* This case is before the Court on Plaintiff's Motion for Class Certification. Mr. Kifafi seeks certification of two classes of former and current employees of Hilton Hotels Corporation who are entitled to benefits under the Hilton Hotels Retirement Plan. Under Mr. Kifafi's proposal, claims one and two would be tried on a class-wide basis, while the remaining four claims would be tried individually. Upon consideration of the en-

tire record and for the reasons stated below, Mr. Kifafi's motion shall be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Jamal J. Kifafi worked intermittently for the Hilton Hotels Corporation from 1975 to 1993. Am. Compl. ¶ 19. He held a number of positions at the Capitol Hilton in Washington, DC, including banquet houseman and special police officer. *Id.* After repeated inquiries regarding his entitlement to retirement benefits, Mr Kifafi received a "benefit illustration" that calculated his benefits without prorating his Social Security offset, resulting in a "meager" seventy-five dollars per month. *Id.* ¶ 23. Based upon a determination that Mr. Kifafi had fewer than ten years of credited service, his claim for early retirement benefits was denied. *Id.* ¶¶ 27–29. Mr. Kifafi appealed this determination. His records were eventually adjusted to reflect his years of union service, but even after this adjustment he was still deemed ineligible for early retirement benefits. *See* Defs.'s Opp'n at 9–12.

On June 17, 1998, Mr. Kifafi filed the above-captioned lawsuit. *See* Compl. The named Defendants are the Hilton Hotels Retirement Plan ("Plan"); individual members of the Committee of the Hilton Hotels Retirement Plan ("Committee"); the Hilton Hotels Corporation ("Hilton"); and individual Hilton officers or directors. Am. Compl. ¶¶ 8–9. Mr. Kifafi believes that the Plan unlawfully calculates the amount of retirement benefits to which he and other similarly situated Hilton employees are entitled. According to Mr. Kifafi, the method used to calculate his benefits violates ERISA because it fails to prorate the requisite Social Security offset (claim one). *Id.* ¶¶ 40–42A. Mr. Kifafi also alleges that the Defendants violate ERISA by failing to maintain adequate records of its participants' years of union service and by failing to credit all of years of service [1] when processing claims for early retirement benefits (claim two). *Id.* ¶¶ 43–45.[2]

In April 1999, after the motion for class certification had been fully briefed, the Defendants amended the Plan. *Id.* ¶ 39A. Plan Amendment 1999–1 ("Amendment") purports to "eliminat[e] ... controversy regarding the prioriety [sic] of the rate of benefit accruals under the Plan" by altering the benefit-accrual method at issue in claim one of Mr. Kifafi's original complaint. *Id.* In response to the Amendment, and after several months of discovery, Mr. Kifafi has amended his complaint. Both sides have had an opportunity to submit additional pleadings that address the effect, if any, of the Amendment on Mr. Kifafi's motion for class certification.[3]

## II. DISCUSSION

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four prerequisites to a class action lawsuit: numerosity, commonality, typicality, and adequacy of representation. First, the class must be so numerous that joinder of all members is impracticable ("numerosity"). *See* Fed.R.Civ.P. 23(a)(1). Second, there must be questions of law or fact common to all class members ("commonality"). *See* Fed.R.Civ.P. 23(a)(2). Third, the claims or defenses of the representative parties must be typical of the claims and defenses of the class ("typicality"). *See* Fed.

---

**1.** In his original complaint, Mr. Kifafi claimed that the violation consisted of the Defendants' failure to credit his years of union service; the amended complaint expands the scope of this claim to include various other "service-counting" violations. *Compare* Compl. ¶ 45 *with* Am. Compl. ¶ 45.

**2.** Mr. Kifafi presents four other ERISA claims for which he has not sought class certification: failure to maintain sufficient data to locate and pay surviving spouses, Am. Compl. ¶¶ 46–48; failure to issue individual benefit statements, *Id.* ¶¶ 49–51; failure to supply retirement plan document, *Id.* ¶¶ 52–53; and breach of fiduciary duty with respect to claims one through five, *Id.* ¶¶ 54–56.

**3.** The parties have submitted numerous pleadings on the propriety of class certification, both before and after Mr. Kifafi filed his motion for leave to amend the complaint. In addition to Plaintiff's Memorandum in Support of Motion for Class Certification, the Court has considered the following pleadings: Defendants' Response in Partial Opposition to Plaintiff's Motion for Class Certification, Plaintiff's Reply Memorandum in Support of Motion for Class Certification, Surreply in Support of Defendants' Partial Opposition, Plaintiff's Supplemental Class Certification Brief, and Defendants' Response to Plaintiff's Supplemental Class Certification Brief.

R.Civ.P. 23(a)(3). Fourth, the representative parties must fairly and adequately protect the interests of the class ("adequacy of representation"). *See* Fed.R.Civ.P. 23(a)(4).

Assuming that the putative class representative can satisfy the requirements of Rule 23(a), he must also demonstrate that the claim is maintainable under one of the three types of class actions articulated in Rule 23(b). *See* Fed.R.Civ.P. 23(b); *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). Mr. Kifafi has proposed that the Court certify the two classes under either Rule 23(b)(1) or 23(b)(2). Rule 23(b)(1) "covers cases in which separate actions by or against individual class members would risk establishing 'incompatible standards of conduct for the party opposing the class,' Fed.R.Civ.P. 23(b)(1)(A), or would 'as a practical matter be dispositive of the interests' of nonparty class members 'or substantially impede their ability to protect their interests,' " Fed.R.Civ.P. 23(b)(1)(B). *Amchem,* 117 S.Ct. at 2245. Rule 23(b)(2) "permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.' " *Id.* (quoting Fed.R.Civ.P. 23(b)(2)).

## A. The Benefit–Accrual Class

The first class that Mr. Kifafi seeks to represent ("the benefit-accrual class")

> consists of all former and current employees of Hilton Hotels Corporation who were employed by Hilton Hotels Corporation after January 1, 1976 and have, or may obtain, a vested right to pension benefits from the Hilton Hotels Retirement Plan, and whose Hilton Hotels' pension benefits have been, or will be, reduced as a result of the Defendants' failure to accrue retirement benefits at the annual rates that ERISA requires.

Am. Compl. ¶ 11. The benefit-accrual class corresponds to Mr. Kifafi's first claim that the Plan's benefit calculation method "backloads" benefit accruals to later years of service in violation of ERISA § 204. *See* 29 U.S.C. § 1054. The essence of a backloading violation is that it makes benefits accrue very slowly until the employee is near retirement age, thereby defeating ERISA's minimum vesting provisions. *Carollo v. Cement & Concrete Workers Pension Plan,* 964 F.Supp. 677, 681 (E.D.N.Y.1997). The Defendants do not dispute that this claim should be tried on a class-wide basis, but they argue that the class should not be certified as Mr. Kifafi has suggested because the statute of limitations bars the claims of many putative class members. *See* Defs.'s Opp'n at 1–2; Defs.'s Surreply at 9; Defs.'s Supp. at 2. The Court will briefly review the Rule 23(a) prerequisites and the types of class actions maintainable under Rule 23(b), and then discuss whether or not the Defendants may raise their statute of limitations defense in the context of a motion for class action certification.

### 1. Prerequisites to a Class Action: Rule 23(a)

The Defendants concede that the benefit-accrual class meets the requirements of Rule 23(a). Mr. Kifafi has represented, and the Defendants do not dispute, that Hilton's actuarial reports and Form 5500 annual reports to the government indicate that the class consists of 10,000 or more current and former employees who have vested rights and less than twenty-five years of service. *See* Pl.'s Mem. Pts. Auths. Support Mot. Class Cert. at 6 ("Pl.'s Mem."). This number clearly satisfies the numerosity requirement, particularly where the class members are dispersed throughout the country. *See Pigford v. Glickman,* 182 F.R.D. 341, 347 (D.D.C.1998) (certifying class based on an estimate that it would have 2,500 members and record evidence that it would have at least 400 members, in part because the class members are located throughout the country). So long as there is a reasonable basis for the estimate provided, the numerosity requirement can be satisfied without precise numbers. *See id.* (citing *Marcial v. Coronet Ins. Co.,* 880 F.2d 954, 957 (7th Cir.1989)).

The benefit-accrual formula's compliance with ERISA § 204 provides a question of law common to all class members. "The commonality test is met where there is at least one issue, the resolution of which will affect all or a significant number of the putative

class members." *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir.1997). There is some dispute as to whether the pre- or post-Amendment benefit-accrual formula is at issue, but this question is also common to all class members.

Because the legality of the benefit-accrual formula depends upon a policy or practice that is applied to all putative class members, including Mr. Kifafi, the typicality requirement is also satisfied. The typicality prerequisite is "intended to assess whether the action can be efficiently maintained as a class and whether the named plaintiffs have incentives that align with those of the absent class members so as to assure that the absentees' interests will be fairly represented." *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 57 (3d Cir.1994). Mr. Kifafi's injury, if any, is identical to any injury suffered by the absentee class members, therefore their interests will be properly aligned and Mr. Kifafi's claim is a suitable vehicle for resolution of the common questions of law.

Finally, Mr. Kifafi has demonstrated that he will provide adequate representation for the benefit-accrual class. In order to determine whether Mr. Kifafi is an adequate class representative, the Court examines factors such as the quality of class counsel and the existence of any conflict of interest between the class representative and the absentee members of the class. *Pigford*, 182 F.R.D. at 350 (citing *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C.Cir.1997)). Based on their combined experience litigating ERISA class action lawsuits, Mr. Kifafi's attorneys appear to be qualified to represent the class. *See* Pl.'s Mem. at 11–12. Mr. Kifafi also appears to be an adequate representative for the class. The Court cannot discern any potential conflicts of interest between Mr. Kifafi and the absentee class

members, nor have the Defendants claimed that such a conflict might exist. The Court is satisfied that all the prerequisites to a class action set forth by Rule 23(a) have been satisfied.

**2. Types of Class Actions: Rule 23(b)**

■ Mr. Kifafi has suggested that the benefit-accrual class could be maintained under either Rule 23(b)(1) or 23(b)(2).[4] Although these categories are not mutually exclusive, *see Eubanks v. Billington*, 110 F.3d 87, 91 (D.C.Cir.1997), the Court finds that Rule 23(b)(2) is the most suitable form for this class. The method used to calculate the rate of benefit-accrual is a practice applicable across the board to all class members, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R.Civ.P. 23(b)(2); *see also Eubanks*, 110 F.3d at 92 (describing declaratory and injunctive relief applicable to the class as a whole as the "defining characteristic of the (b)(2) class").[5] The fact that Mr. Kifafi's claim may involve incidental monetary relief does not render 23(b)(2) treatment inappropriate. *See Eubanks*, 110 F.3d at 92 (recognizing that courts have generally allowed (b)(2) classes to go forward so long as injunctive or declaratory relief predominates over monetary relief).

**3. Applicability of the Statute of Limitations to a Motion for Class Certification**

■ Relying on the principle that the class action mechanism cannot be used to resurrect stale claims, *see e.g., Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (Powell, J., concurring), the Defendants have asked the Court to limit the scope of the benefit-accrual

4. The Defendants do not appear to have taken a position one way or the other on this issue.

5. Indeed, the relief requested with respect to the first claim consists of "(1) A declaration that Defendants' failure to accrue its normal retirement benefits at the level annual rates that ERISA requires violates federal law and the terms of the Retirement Plan; (2) An order enjoining Defendants from subtracting unprorated Social Security offsets in violation of ERISA's

accrual rules and the terms of the Retirement Plan; (3) An order enjoining Defendants to pay the named Plaintiff and each class member pension benefits calculated with accrued benefits prorated on the basis of years of participation in conformity with ERISA; and (4) An order enjoining Defendants to pay prejudgment and post-judgment interest to each class member from the time the increased pension benefits were first due." Am. Compl. at 18–19.

class to exclude claims that are barred by the statute of limitations. Although the Defendants have attempted to cast this request as a straightforward proposition, the Court finds that resolution of the statute of limitations issue at the class certification stage would impermissibly intrude upon the merits of Mr. Kifafi's claim. In *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), the Supreme Court held that there is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). An inquiry into the applicability of the statute of limitations in the context of a motion for class certification would run counter to this principle. The most obvious problem is that the existing record is inconclusive as to which statute of limitations should apply. In addition, Mr. Kifafi has alleged that the statute of limitations was tolled because the Defendants fraudulently concealed their ERISA violations.[6] The Defendants vigorously contest the sufficiency of these allegations, arguing that they do not satisfy the heightened pleading requirement applicable to claims of fraudulent concealment under ERISA. It is difficult to see how the Court could resolve any of these issues without reaching the merits of the class-wide claim.

Faced with a similar predicament, the court in *Foltz v. U.S. News & World Report, Inc.,* 106 F.R.D. 338 (D.D.C.1984), concluded that *Eisen* barred it from considering the sufficiency of the plaintiff's fraud allegations or the defendant's statute of limitations argument at the class certification stage. *See Foltz v. U.S. News & World Report, Inc.,* 106 F.R.D. 338, 341 (D.D.C.1984); *see also Gruber v. Price Waterhouse,* 117 F.R.D. 75 (E.D.Pa.1987) (finding that the statute of limitations defense is beyond the scope of a motion for class certification). The *Foltz*

court determined that such issues would be considered in the context of dispositive motions, at which time the court could issue an order limiting the class to exclude any members whose claims were time-barred. *See Foltz,* 106 F.R.D. at 341; *see also* Fed. R.Civ.P. 23(c)(1) (providing that class certification may be granted provisionally and subsequently altered or amended). The Court will follow this same approach, granting provisional certification subject to amendment after the statute of limitations question has been afforded due consideration.

## B. The Early–Retirement or Service–Counting Class

Mr. Kifafi's representation of a second class or subclass to litigate his early-retirement or service-counting claim (the "early-retirement" or "service-counting" class) is more problematic. The original complaint proposed a subclass of

> former and current Hilton Hotels employees who meet the criteria described above [for the benefit-accrual class] and have not been credited with *their years of union service* in determining whether they have the right to draw their Hilton Hotels pension benefits beginning at the early retirement age of 55.

Compl. ¶ 12 (emphasis added). The amended complaint expands the scope of this class to include Hilton employees who "have not been credited with *all years of service with Hilton, including years in unionized employment,*" in determining whether they are entitled to early retirement benefits. Am Compl. ¶ 12 (emphasis added to reflect changed language).

Mr. Kifafi claims that the following legal question is common to the putative members of this class:

> May the Hilton Hotels Retirement Plan fail to credit all years of service, including years in unionized employment, in determining whether former employees may draw early retirement benefits at age 55?

---

6. Mr. Kifafi alleges that Hilton fraudulently concealed its alleged ERISA violations by (1) "making false exculpatory statement to government agencies," (2) "providing misleading examples of benefit accruals in Summary Plan Descriptions,"

and (3) "falsely stating in the Plan document that the method used to compute accrued benefits was intended to satisfy ERISA's 133 1/3% accrual rule." Am. Compl. ¶ 23A.

*Id.* ¶ 14. Unlike the question common to the benefit-accrual class, which tests the validity of a specific aspect of the Plan (its benefit accrual formula) against a specific section of ERISA (section 204), this question encompasses a variety of alleged ERISA violations under the rubric of a "service-counting" violation. In addition to his original claims that the Defendants (1) fail to maintain records of union service, and (2) applied a 1,000 service standard in a circumstance when the Department of Labor's regulations require that 870 hours constitute a year of vesting service, *see* Pl.'s Reply at 13–15, Mr. Kifafi now claims that the Defendants unlawfully (3) failed to count vesting service based on elapsed time from the original date of hire; (4) failed to credit a leave of absence; and (5) failed to count a year of vesting service for the year in which Mr. Kifafi became a participant in the plan, *see* Pl.'s Supp. at 5–6. Mr. Kifafi's common legal question appears to be an umbrella provision encompassing five separate statutory violations.

The problem with this approach is that Mr. Kifafi has not shown that the legal questions he identifies are in fact common to the putative members of the early-retirement class, or that his claims are typical of his proposed fellow class members. Without some showing by Mr. Kifafi that these legal questions are common to the members of the class he seeks to represent, the Court cannot presume that his claim is typical. *See General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 158, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (district court erred by presuming that plaintiff's claim was typical of absentee class members where plaintiff failed to specifically identify common questions of law or fact). Examining each of the five service-counting theories advanced by Mr. Kifafi, none of them appear to be amenable to class treatment with Mr. Kifafi as the class representative.

■ First, the Court rejects Mr. Kifafi's argument that he may press his claim that the Defendants failed to credit him with all his years of union service despite the fact that he himself no longer has a live claim in this regard. As mentioned above, Mr. Kifafi's union service credit was adjusted to reflect all his years of union service as part of the claims appeal process *prior to the filing of this lawsuit.* For this reason, the Supreme Court's holding in *Geraghty* does not apply and Mr. Kifafi's union-service counting claim is moot. *See United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 398–99, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (holding that class action lawsuit does not become moot if named plaintiff's claim expires during the pendency of the lawsuit); *Lusardi v. Xerox Corp.,* 975 F.2d 964, 977 (3d Cir.1992) (construing *Geraghty* to give a named plaintiff "the requisite personal stake in a class certification" only if he has a live individual claim *when the district court decides the class certification issue* ) (emphasis added). By definition, Mr. Kifafi cannot adequately represent the early-retirement class for the purpose of resolving the union-service counting issue if he has no personal stake in the matter.[7]

■ Second, there is no evidence that the Defendants routinely apply the wrong service standards when calculating years of vesting service, or that other claims have been processed using the wrong standard. On this record, there is no basis for the Court to conclude that Mr. Kifafi's claim is typical of the class claims, or that any other members of the class share this legal question. The same analysis applies to Mr. Kifafi's third legal theory; the documents generated in conjunction with the data clean-up project do not establish the existence of an unlawful service crediting practice. Mr. Kifafi's fourth theory suffers from the same flaws as his union-service theory: he cannot show that he is a member of the class, which clearly renders him an inadequate class representative. Fifth and finally, Mr. Kifafi has not established that any other potential class members have not been credited with a year

---

7. Even if another plaintiff came forward and could show that he was an adequate class representative, the union-service record keeping violation falters. After months of discovery, Mr. Kifafi is still unable to demonstrate that the Defendants have failed to credit others for their union service—he simply assumes that it must be so. Absent some record evidence that this violation is part of a generally applicable practice, it is not suitable for class treatment.

of vesting service for their first year of plan participation.

Accordingly, the Court finds that Mr. Kifafi has failed to make the requisite showing of commonality, numerosity, typicality, or adequacy of representation. With respect to his union-service claim and his claim that the Defendants failed to give credit for leaves of absence, Mr. Kifafi does not even appear to be a member of the proposed class. With respect to the other three service-counting claims, Mr. Kifafi fails to show that his individual circumstances give rise to a generally applicable practice that ought to be tried on a class-wide basis. These flaws fatally undercut Mr. Kifafi's showing on the Rule 23(a) prerequisites. This is not to say that Mr. Kifafi will not be able to state an *individual* claim for relief under one or more of his service-counting violation theories; the Court will not make such a determination until the issues have been fully briefed in the context of a dispositive motion. On the current record and with Mr. Kifafi as the sole class representative, however, the Court cannot certify the early-retirement class.

### CONCLUSION

For the reasons stated above, Plaintiff's Motion for Class Certification shall be granted in part and denied in part. The benefit-accrual class shall be provisionally certified, subject to subsequent amendment to conform the class with the statute of limitations. The early-retirement class shall not be certified at this time. On this record, the Court finds that Mr. Kifafi has not carried his burden of demonstrating that this claim presents common questions of law or fact, nor has he shown that his claim is typical of other class members or that he can provide adequate representation for the interests of the proposed early-retirement class.

