Jamal J. KIFAFI, et al., Plaintiffs,

v.

**HILTON HOTEL RETIREMENT PLAN, et al., Defendants.**

Civ.A. No. 98–1517(CKK).

United States District Court,
District of Columbia.

March 30, 2005.

Stephen Robert Bruce, Washington, DC, for Plaintiffs.

Gregory Yann Porter, Washington, DC, Lynn E. Parseghian, Robert N. Eccles, Karen M. Wahle, O'Melveny & Myers, L.L.P., Washington, DC, for Defendants.

## MEMORANDUM OPINION

KOLLAR–KOTELLY, District Judge.

Presently before the Court is Plaintiff's Renewed Motion to Certify Vesting Claims as a Class Action ("Motion to Certify Class") [146].[1] With the instant Motion to Certify Class, Plaintiff seeks class certification with respect to his service counting claim under Federal Rules of Civil Procedure 23(a) and 23(b)(2). Plaintiff, a former employee of Defendant Hilton Hotel, alleges that Defendants Hilton Hotels Retirement Plan and various other Hilton entities and executives (collectively "Hilton"), improperly calculated the retirement benefits to which he and other similarly situated Hilton employees are entitled. Although the Court denied Plaintiff's previous request to certify a class on this claim, Plaintiff contends that new evidence obtained in the course of discovery supports this renewed motion.

After examining this Motion to Certify Class, the parties' briefing and the relevant law, the Court determines that it will grant certification with respect to specific subparts of Plaintiff's service counting claim.

## I. BACKGROUND

Before addressing the pending motion, the Court sets out the factual and procedural history of this case. In 1998, Mr. Kifafi, a former employee of the Hilton Hotels Corporation, brought this suit against the Hilton Hotels Retirement Plan and various other Hilton entities and executives (collectively "Hilton"). Mr. Kifafi alleged that Hilton improperly calculated the retirement benefits to which he and other similarly situated Hilton employees are entitled. Mr. Kifafi originally raised two claims that he argued were appropriate for class certification under Federal Rule of Civil Procedure 23. In an Order issued on May 11, 1999, the Court certified a class of plaintiffs for the first claim, known as the "benefit accrual claim," with Mr. Kifafi as the named class representative. *Kifafi v. Hilton*, 189 F.R.D. 174, 176–78 (D.D.C.1999) (order granting in part and denying in part motion for class certification). In that same Order, the Court declined to certify a class for Mr. Kifafi's second claim, known as the "service counting claim," finding that Mr. Kifafi was not an appropriate class representative. *Id.* at 178–80.

In its original ruling on class certification, the Court discussed Kifafi's service counting claim as having five subparts, for each of which Mr. Kifafi was an inappropriate class representative. The first subpart involved a question of whether Hilton had properly credited Mr. Kifafi for his years of service as a union employee for vesting purposes. *Kifafi*, 189 F.R.D. at 179. The Court found that Mr. Kifafi's union service credit was adjusted to reflect his union service as part of the claims appeal process prior to the filing of this lawsuit, and that consequently, Mr. Kifafi's union service claim was moot, and he could not serve as a class representative for this issue.[2] *Id.* The second part of the origi-

---

1. In September 2004, the Court denied a motion filed in this case, Intervenors' Motion to Intervene as Named Representatives in Support of Vesting Service Claim. *See Kifafi v. Hilton*, No. 98–1517 (D.D.C. September 27, 2004).

2. The Court subsequently indicated a willingness to revisit its finding that Mr. Kifafi's union service claim was moot if there was a basis for doing so. *See* Pls.' Reply at 7. Plaintiffs now

argue that they have evidence that indicates Mr. Kifafi was not fully credited with his years of union service, *id.*; Pls.' Mot. to Cert. at 32–33. The Court also noted in its original certification ruling that Kifafi had not shown that Defendants had failed to credit others with years of union service, and that absent some record evidence that this violation was part of a generally applicable practice, the allegation was not suitable for

nal service counting claim involved whether Defendant had improperly applied a 1,000 hour service standard when an 870 hour standard should have been applied.[3] *Id.* The Court found that there was no evidence that the use of an improper standard was routine, or that other claims were processed using an improper standard. *Id.*

Kifafi's third subpart alleged that Defendants failed to count vesting service based on elapsed time from the original date of hire. *Id.* The Court found that Kifafi had provided insufficient evidence to indicate that Defendants engaged in an unlawful service crediting practice. *Id.* With respect to Kifafi's fourth allegation, that Defendants failed to credit leaves of absence, the Court found that he had failed to show that he was even a member of the proposed class. *Id.* Finally, Kifafi's fifth allegation was that Defendants failed to count a year of vesting service for the year in which he became a participant in the plan. *Id.* at 179–80. The Court found that Kifafi had failed to establish that any other potential class members were not credited with a year of vesting service for their first year of plan participation. *Id.*

Distilled down to its essence, the Court's original ruling on Plaintiff's original class certification motion held that "[w]ith respect to his union-service claim and his claim that the Defendants failed to give credit for leaves of absence, Mr. Kifafi does not even appear to be a member of the proposed class." *Id.* Furthermore, the Court found that "[w]ith respect to the other three service-counting claims, Mr. Kifafi fails to show that his indi-

vidual circumstances give rise to a generally applicable practice that ought to be tried on a class-wide basis." *Id.* at 180.

Subsequently, Plaintiffs attempted to cure deficiencies in their original motion for class certification on their service counting claim by having three individuals move to intervene, "seeking to change their role in the litigation from absent class members to named representatives to ensure that all service-counting claims can be certified." Mot. to Intervene at 4–5. The Court found that these three individuals were not proper plaintiffs, and denied their Motion to Intervene. *See Kifafi v. Hilton,* No. 98–1517 (D.D.C. September 27, 2004).

The Court is now faced with Plaintiffs' renewed request to certify the service counting class. Plaintiff maintains that this renewed motion is based on new evidence obtained in the course of discovery, which is now completed.[4] Defendants raise the fact that they have drafted, and partially implemented, amendments to the retirement plan. *See* Defs.' Opp. at 7–9 (discussing Amendment 2002–2); Defs' Notice of Intervening Changes in Facts and Applicable Case Law at 2 (discussing Amendment 2003–2). However, the plain language of the retirement plan does not cover non-vested former employees[5], and Plaintiff indicates both that Amendment 2002–2 does not apply to former non-vested employees, *see* Pl.'s Mot. at 5, and that Amendment 2003–2 is prospective only, *see* Pl.'s Notice of Changes in Facts and Case Law at 4.[6]

class treatment. *See Kifafi,* 189 F.R.D. at 179 n. 7.

3. The standard dictates how many hours an employee must work in the course of a year for that year to count as a year of service for vesting purposes.

4. Those portions of the Motion to Certify Class which are based on the proposed intervenors' request to intervene are of course inapplicable, because the Court has not allowed them to intervene as named plaintiffs in this action.

5. *See* Pl.'s Mot. Ex. 17 (Hilton Hotels Retirement Plan) ("A Participant does not include an Employee who incurs a Break in Employment and either: (a) is not vested; or (b) has been paid the full amount of his nonforfeitable benefit.").

6. Defendants counter that Amendment 2002–2 does apply to former employees who were not vested under the pre-amendment plan. Def.'s Opp. at 7. However, the portions of a Hilton employee's declaration that Defendants cite in support of this contention are unpersuasive. *See* Stoicof Decl. (Docket Entry 152) ¶¶ 9, 10, 22. Defendant cites to paragraph 22 of Vera Stoicof's declaration in support of their contention that Amendment 2002–2 applies to non-vested former employees. However, this paragraph does not address Amendment 2002–2 specifically; rather, it addresses various other plan amendments, and states that "[p]ension benefits cannot be recalculated accurately until Hilton ensures that the pension records are accurate and complete." *Id.* ¶ 22. Furthermore, the two examples of individuals that Defendants focus on, Fanny Canar and Plaintiff Kifafi, are similarly unpersuasive. Stoi-

## II. LEGAL STANDARD

Plaintiff has moved to certify a class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). Rule 23(a) sets out four prerequisites to a class action lawsuit: numerosity, commonality, typicality, and adequacy of representation. First, the class must be so numerous that joinder of all members is impracticable. *See* Fed.R.Civ.P. 23(a)(1). Second, there must be questions of law or fact common to all class members. *See* Fed.R.Civ.P. 23(a)(2). Third, the claims or defenses of the representative parties must be typical of the claims or defenses of the class. *See* Fed.R.Civ.P. 23(a)(3). Fourth, the representative parties must fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P. 23(a)(4).

■ Once the Rule 23(a) prerequisites of class treatment are satisfied, a plaintiff must show that its putative class can be certified under one of the Rule 23(b) subsections. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). In the instant case, Plaintiff seeks certification under Rule 23(b)(2), which states that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). In considering a motion for class certification, the Court's "inquiry does not extend to an examination of the merits of the case. Instead, the legal standard is whether the evidence presented by plaintiffs establishes a 'reasonable basis for crediting [plaintiffs'] assertion[s].' " *Bynum v. District of Columbia*, 214 F.R.D. 27, 31 (D.D.C.2003) (quoting *Wagner v. Taylor*, 836 F.2d 578, 587 n. 57 (D.C.Cir.1987)).

■ The Court is entitled to consider Plaintiff's renewed motion, despite having ruled once before on the question of class certification with respect to the service counting claim. Federal Rule of Civil Procedure 54(b) permits the Court to revisit interlocutory orders that adjudicate fewer than all the claims in a given case "at any time" prior to the Court's final judgment in the case. Fed.R.Civ.P. 54(b); *Lewis v. United States*, 290 F.Supp.2d 1, 3 (D.D.C.2003); *Citibank, N.A. v. FDIC*, 857 F.Supp. 976, 981 (D.D.C. 1994). "Motions to reconsider interlocutory orders ... are within the discretion of the trial court ...." *United Mine Workers v. Pittston Co.*, 793 F.Supp. 339, 344–45 (D.D.C. 1992), *aff'd*, 984 F.2d 469 (D.C.Cir.1993); *see also United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973) (finding that a court has the authority to reconsider an interlocutory order "when it is consonant with justice to do so."). Furthermore, Rule 23(d) specifies that orders in the class action context "may be altered or amended as may be desirable from time to time."

## III. DISCUSSION

Although the procedural and factual history of this case is complex, and the legal briefs on this issue are not models of clarity, the issue presented to the Court at this juncture is straightforward. The Court must decide whether Plaintiff presents new evidence that alters the result of the Court's earlier decision to deny class certification on Plaintiff's service counting claim. The parties have shifted the debate somewhat in this round of briefing, focusing on certain subparts of the service counting claim, while letting some features fall by the wayside. After consideration of Plaintiff's motion and the evidence cited in support, the Court finds that it will certify several subparts of the service counting claim for class treatment. Specifically, the Court finds that it will certify (1) Plaintiff's claim that Defendants failed

---

cof states that both Canar and Kifafi have been determined to be eligible for benefits under the amended plan. *See id.* ¶¶ 9–10. However, Defendants' indication that they may have satisfied the claims of specific individuals does not in fact demonstrate that Defendants have applied amendments to their retirement plan that provide all non-vested former employees with the benefits to which they are entitled. *See, e.g.,*

*Culver v. City of Milwaukee*, 277 F.3d 908, 912 (7th Cir.2002) (noting that "[a]lthough the mootness of a named plaintiff's claim does not automatically disqualify him from serving as class representative ... it makes him presumptively inadequate, in our view, unless the defendant is executing a strategy of buying off class representatives successively in an effort to derail the suit.").

to credit employees with years of union service for vesting purposes; (2) Plaintiff's claim that Defendants improperly used a 1000 hours service standard rather than an 870 hour service standard; (3) Plaintiff's claim that Defendants failed to credit leaves of absence; and (4) Plaintiff's claim that Defendants failed to count the year in which employees became participants in the retirement plan for vesting purposes.

The Court does not find that class certification is appropriate on the question of whether Defendant failed to count vesting service based on elapsed time from original date of hire. Although this issue was raised in Plaintiff's original class certification motion, Plaintiff has presented no arguments in support of certification on this subpart of its service counting claim in his renewed motion. Accordingly, Plaintiff has not pursued class certification on this question, and no certification will be granted.

### A. Union Service

█ The Court first considers Plaintiff's claim that Hilton failed to count years of union service for vesting purposes. In its earlier ruling, the Court had found that Plaintiff's own claim on this issue was moot because Plaintiff's records had been amended to reflect Plaintiff's years of union service, see Kifafi, 189 F.R.D. at 179, and that Plaintiff had not produced evidence indicating that Defendant had failed to credit other former employees with years of union service, see id at 179 n. 7.

At this stage, the Court finds that Plaintiff has produced evidence that provides the Court with a "reasonable basis for crediting [Plaintiff's] assertion[s]" that Plaintiff's own claim is not moot, and that Defendants may have failed to credit other employees with years of union service as well. *Wagner*, 836 F.2d at 587 n. 57 (D.C.Cir.1987).

The Court finds that Plaintiff Kifafi has shown that his claim is not moot, as had previously appeared to be the case. Plaintiff supplies a background document relating to Defendants' 2002 plan amendment which suggests that under Defendants' system Plaintiff Kifafi was not credited with all his years of union service. *See* Pl.'s Mot. Ex. 13 ("Proposed Hours Counting Amendment") (proposing a new system wherein "by way of example, Kifafi would be credited with one year of vesting service for each year he was a union employee at a Hilton Hotel ...."). Plaintiff asserts that, although Defendant may have granted him some additional credit for years of union service [7] after he raised this issue, he has never been granted all the credit to which he is entitled for his years of union service between September 1983 and July 1985. Pl.'s Mot. at 34. Defendant does not dispute Plaintiff's assertion that "Mr. Kifafi was a union employee for more than *two* years, whereas Hilton previously only credited him with one year (and that year was only credited on an ad hoc basis after he filed a claim)." Indeed, while Defendant states generally that "Amendment 2002–2 plainly moots Kifafi's ... individual claims," Defendants later indicate that this Amendment was not even fully implemented in May 2004. *See generally* Defs' Notice of Intervening Changes in Facts and Applicable Case Law.

The Court finds persuasive both *Friends of the Earth v. Laidlaw Environmental Services*, 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) and *Conservation Law Foundation v. Evans*, 209 F.Supp.2d 1 (D.D.C.2001), which indicate that Defendants' practice of modifying its retirement plan after the lawsuit was filed does not necessarily moot out Plaintiff's claims. The Supreme Court stated that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality if the practice," because if that were the case "the courts would be compelled to leave the defendant ... free to return to his old ways." *Friends*

---

7. Furthermore, to the extent that Defendant argues that Plaintiff has received the relief he seeks, *see, e.g.,* Defs.' Opp. at 21, this argument is incorrect. In addition to seeking the benefits themselves, Plaintiff seeks injunctive relief which Plaintiff has clearly not received. *See* First Am.

Compl. at 19 (requesting as relief for the service counting claim "[a]n order enjoining Defendants to offer early retirement benefits as described in the Summary Plan Description's early retirement schedule to all participants who are eligible to receive them.").

*of the Earth,* 528 U.S. at 189, 120 S.Ct. 693 (citations omitted). Rather, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citation omitted). In *Conservation Law Foundation,* Judge Gladys Kessler of this Court found that a defendant arguing voluntary compliance carries a "heavy burden of persuading the court that their admitted non-compliance ... cannot reasonably be expected to start up again." *Conservation Law Found.,* 209 F.Supp.2d at 10. Furthermore, Judge Kessler found that such a burden was not met where the defendant had a "record of inaction and delay." *Id.* The Court finds that in the instant case, Defendants have not demonstrated that they would not persist in failing to properly credit individuals such as Plaintiff with hours of union service, and as such, have not demonstrated that Plaintiff's claim should be considered moot.

In addition, the caselaw addressing the issue of the mootness of a named plaintiff's claim in the class action context indicates that the concept is more flexible than Defendants recognize. Indeed, the Supreme Court has recognized a variety of circumstances in which a party may continue to seek status as a named class representative, despite the resolution of the party's individual claims. *See generally United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 1208–13 & n. 11, 63 L.Ed.2d 479 (1980) (noting that, in the context of an appeal of a denial of a class certification motion, reconsideration of the certification decision relates back to the time of the earlier ruling for purposes of considering the mootness of the party's claim); *see also Lusardi v. Xerox Corp.,* 975 F.2d 964, 977 (3d Cir.1992) (discussing the "relation back" doctrine in *Geraghty,* and noting that consideration of

whether a party has a "personal stake in the class action" requires an inquiry into whether "he has a live individual claim when the district court decides the class certification issue, or, at the very least, he had a live claim when he filed for class certification."). Given the fact that there is no evidence that Defendants have implemented any plan amendment to the extent that Plaintiff's claim has been completely resolved, and the fact that Plaintiff has supplied evidence indicating that Plaintiff's claim was not moot at the opening of this litigation, *see* Pl.'s Mot. Ex. 13 ("Proposed Hours Counting Amendment"), the Court is satisfied that Plaintiff's union service allegations are not moot.[8]

■ The Court further finds Plaintiff has presented sufficient evidence that this claim is common to other former employees. Plaintiff argues that Defendants' pension databases have been produced for examination, and clarify that Defendants "did *not* keep hours of service records for all years of employment, such as years in union positions." Pl.'s Mot. at 28. Plaintiff includes an email in which Vera Stoicof, a Hilton employee charged with calculating employee retirement benefits, indicates that Hilton's practice has not been to include years of union service for vesting purposes. *See* Pl.'s Mot. at 26, Ex. 1 (Stoicof Email). The email states that "In past calculations ... a person's Union years were not bridged for purposes of benefit or vesting service unless the participant met the Special Service Rules requirements." Pl.'s Mot. Ex. 1 (Stoicof Email). Similarly, the Court considers again the background document to Amendment 2002–2, in which Defendants indicate that the amended plan would include counting of "nonparticipation service (such as union service)," in a manner that would "provide assurance of verifiable ERISA compliant benefits." Pl.'s Mot. Ex. 13 ("Proposed Hours Counting Amend-

---

8. Even assuming, *arguendo,* that Defendants are now calculating years of union service correctly, this does not change the result of the Court's determination that Plaintiff's claim is not moot. The background document to Defendant's plan amendment makes it clear that Plaintiff's claim was not moot at the start of the litigation. *See* Pl.'s Mot. Ex. 13 ("Proposed Hours Counting Amendment") (stating that the changes in the amendment after this litigation was filed would

permit Kifafi to receive vesting credit for union service). Indeed, any change to this effect appears to have come after Plaintiff's original renewed motion for class certification was filed on October 1, 2002 (Docket Entry 131), and this amendment was still not fully implemented in May 2004. *See generally* Defs' Notice of Intervening Changes in Facts and Applicable Case Law.

ment"). This evidence satisfies the Court that the union service allegations are common to other potential class members.

### B. Service Standard

■ Next the Court considers whether Plaintiff has demonstrated that his allegation that Defendants improper use of a 1000 hour service standard rather than an 870 hour service standard constitutes a generally applicable practice that ought to be tried on a class-wide basis. Again, Plaintiff's evidence supplies a "reasonable basis for crediting [Plaintiff's] assertion[s]" that Defendants applied the incorrect hour standard for calculating years of service. *Wagner*, 836 F.2d at 587 n. 57 (D.C.Cir.1987).

Plaintiff explains that the 1000 hour standard is appropriate for counting a year of service when counting all hours of service performed by an employee, "including hours 'for which an employee is entitled to payment' but for which 'no duties are performed (irrespective of whether the employment relationship has terminated),' such as severance pay and accrued vacation" but that a lower standard such as 750 or 870 hours is appropriate "for counting a year of vesting service if all hours are not counted." Pl.'s Mot. at 29 (quoting 29 C.F.R. 2530.200b–2(a)(2)). Plaintiff supplies a number of exhibits in support of its contention that Hilton's records do not reflect that Hilton counted all hours even while using the 1000 hour standard. *See* Pl.'s Mot. Ex. 2 (Hui Dep.) at 26–27, 36 (indicating circumstances in which hours worked are not included in calculation of "pension hours" for Hilton records); Pl.'s Mot. Ex. 4 (Towers Perrin Email Attachment) at 7 (stating that "[v]esting service is based on the total hours during the calendar year—1000 hours," and that "[r]ecords while on leave or terminated will only have the period dates").

Furthermore, the background document for Amendment 2002–2 applies to this subpart of Plaintiff's claim as well, indicating that Hilton's records do not reflect a practice of counting all hours when using the 1000 hour standard. The document states that "the Plan generally requires that a participant earn 1000 hours of service in a year to receive credit for a year of vesting service," but that the amendment would "provide assurance of verifiable ERISA compliant benefits," offering as an example the fact that someone in Plaintiff's situation would be credited "one year of vesting service for each year in which he is credited with 870 or more hours while a participant in the plan." Pl.'s Mot. Ex. 13 ("Proposed Hours Counting Amendment"). The document also states that in the face of Plaintiff's "claims that the plan has systematically failed to track and credit all hours of service required by ERISA's terms," Defendants have been "unable to locate adequate historical records to verify the claims." *Id.*

Defendants' response to this portion of Plaintiff's allegations is limited to vague statements to the effect of "[p]roof of one putative class member's entitlement to vesting service depends on facts and circumstances unique to that individual, such as the number of hours worked in a given year and number of years in which a participant earned at least 850 or 750 hours of service," and promises that "Hilton will perform vesting and early retirement eligibility calculations anew ... under the new 870/750 ... standards." Def.'s Opp. at 19, 29. Hilton's intentions notwithstanding, Defendants acknowledged in their supplemental briefing that the 2002–2 Amendment, which might correct this error, was not fully implemented. *See* Defs' Notice of Intervening Changes in Facts and Applicable Case Law at 2. Accordingly, the Court finds on this record that Plaintiff has cured the earlier defects with respect to this subpart of his service counting claim, and demonstrated that this claim is sufficiently common to putative class members that it is appropriate for class treatment.

### C. Leaves of Absence and First Year of Participation in Retirement Plan

■ Next, the Court considers whether Plaintiff has sufficiently demonstrated that Defendants' alleged failure to credit Plaintiff with leaves of absence is appropriate for class treatment. Although the Court had initially found that Plaintiff "cannot show he is a member of the class," *see Kifafi*, 189

F.R.D. at 179, the Court is now satisfied that Plaintiff has cured this earlier defect, and is an adequate class representative.

Plaintiff argues that he has never been credited with time while he was on a leaves of absence for purposes of calculating his years of service towards vesting. *See* Pl.'s Mot. at 33 ("He should have received additional years of vesting credit for the period after a 1983 injury during which he was on 'leave' from his union position until the time when he resumed active work in a non-union job in July 1985."); *see id.* at 34–35 ("Under the applicable Plan rules, all of the service before Mr. Kifafi returned as a non-union security guard should count for purposes of vesting. The applicable rule provided for leaves of absence to be credited for vesting . . . ."). Plaintiff argues that Defendants impermissibly failed to credit him with the time he was on leaves of absence. Plaintiff states, and Defendants do not dispute, that "[t]he plan provisions on leaves of absence . . . were in place when Mr. Kifafi's union service ended," and that Defendants cannot retroactively remove provisions requiring them to count such time periods from the retirement plan. *Id.* at 36. Defendants having effectively conceded that Plaintiff's leaves of absence should have been counted, the Court finds that Plaintiff has demonstrated that he is an appropriate class representative, thereby curing the earlier defect in his request for certification on this issue.

Similarly, the Court finds that Plaintiff has also successfully demonstrated that his claim that Defendants improperly failed to count the year in which employees first became participants in the plan for vesting purposes is sufficiently common to permit class treatment. Although the Court had originally been concerned that Plaintiff could not demonstrate that this was a generally applicable practice, Plaintiff has now done so. As with the rule on leaves of absence, Plaintiff points out that Defendants removed the rule on crediting a participant's first year of service regardless of hours, but that retroactive application of such removal is impermissible. Pl.'s Mot. at 35–36. Defendants' only response is that "proof of one [claim] does not prove any of the others." Defs.' Opp. at 20.

However, application of a modification to the retirement plan can hardly be said to apply only to Plaintiff Kifafi. Rather, such action on the part of Defendants constitutes what would clearly be understood as a generally applicable practice. Indeed, Plaintiff points out that proper application of the rule on crediting a year of vesting service for the first year of participation appears to apply to over 1000 plan participants. *See* Pl.'s Reply at 9–10.

## IV. CONCLUSION

After consideration of Plaintiff's motion and the parties' briefs, the Court finds that it will certify the following four portions of the service counting claim for class treatment: (1) Plaintiff's claim that Defendants failed to credit employees with years of union service for vesting purposes; (2) Plaintiff's claim that Defendants improperly used a 1000 hours service standard rather than an 870 hour service standard; (3) Plaintiff's claim that Defendants failed to credit leaves of absence; and (4) Plaintiff's claim that Defendants failed to count the year in which employees became participants in the retirement plan for vesting purposes.